*613
 
 Johnson, Ch. J,
 

 The respondent’s practice in dismissing this appeal for want of a return was entirely regular, and the only question is, whether the appellant has shown any sufficient excuse for not procuring the return to be filed in time. Before the amendment of the second rule of this court, the respondent was at liberty to dismiss the appeal if a return was not filed in twenty days after the perfecting of the appeal. Under this rule, applications to the court to be let in to file a return after the dismissal of an appeal became very frequent, and the practice became established that if the appeal appeared to have been brought in good faith, the court would, without any special excuse, set aside the dismissal and reinstate the appeal. To render these applications unnecessary, the rule was amended by providing that the respondent should give ten days’ notice that he required the return to be filed before he could dismiss the appeal for want of a return. The whole benefit of the amendment will be lost if we now allow the same apologies rather than excuses to avail, which under the old rule were deemed sufficient to excuse a default in not filing the return. The appellant now receives fair notice that the respondent stands upon his right to have the return filed in time, and he should therefore see to it, either that the return is actually filed, or he should procure an order extending the time to file it. To apply to the clerk to make the return falls very far short of making a case of diligence, as it is clearly the attorney’s duty to see to it that the clerk makes his return in time. Had the appellant been able to show that he had informed the clerk of the time when the return was required to be filed, paid him his fees for making the return, and received his promise to make and file the return in time, we might then have considered that he had used due diligence and should not be prejudiced by the clerk’s failure to do what he had undertaken on the appellant’s behalf. To excuse such a default under the present rule, unless the right of appeal would be lost by retaining the default, a clear case
 
 *614
 
 of diligence must be made out, or some accident or unfore seen state of things must be shown which has prevented the appellant from either procuring the return to be made or an extension of túne. We are satisfied that a stead; adherence to this rule will subserve the real convenience of parties and save time to the court for the transaction of more important business.
 

 The motion must be denied, with $10 costs