## M. S. HOSTETTER *vs.* BROOKS ELEVATOR COMPANY.

Opinion filed November 22, 1894.

### Appeal Statute—Prospective in Operation.

Chapter 82, Laws 1893, construed, and *held* not to apply to a case tried in the year 1892, where the trial was had and the record thereof completed by filing the judgment roll, embracing findings and a bill of exceptions.

### Specifications of Error.

*Held,* where the bill of exceptions contained no specifications of errors of law, such errors, if they exist, will not be considered in this court, in reviewing the case.    This established and statutory rule applies to cases of trials to the court, where no motion for a new trial is made below, the same as in other cases. Laws 1891, Ch. 121; Sup. Ct. Rule No. 13.

### Assignments of Error—Court Rules.

Where assignments of error in this court do not refer to the abstract, they are insufficient assignments, under Rule 15 of the rules of this court; and such assignments of error will not be considered unless, for reasons satisfactory to the court, said rule is relaxed, in furtherance of justice, and on such terms as may be deemed just.

### Exceptions to Findings of Fact.

Where exceptions to findings of fact do not specify wherein such findings are not justified by the evidence, this court will not explore the record to ascertain whether or not the finding is supported by the evidence.

### Findings Supported by the Evidence.

Findings of fact examined with reference to the evidence.    *Held,* that such findings are supported by the evidence.

### Mortgage of Future Crop—Filing.

Sections 4328, 4379, Comp. Laws, construed.    *Held,* that an instrument in the form of a chattel mortgage, covering a crop not yet planted, may be filed in the office of the register of deeds of the county where the land described in the mortgage is situated, and such filing will be constructive notice to third parties of the rights of the mortgagee, as in other cases.    In such cases the filing gives priority, and the lien will attach as soon as the crop comes into existence by the agency of the mortgagor.    Following *Grand Forks Nat. Bank* v. *Minneapolis & N. E. Co.,* 6 Dak. 357, 43 N. W. 806; *Bank* v. *Mann,* 2 N. D. 456, 51 N. W. 946.

Appeal from District Court, Walsh County; *Templeton,* J.

Action by M. S. Hostetter against the Brooks Elevator Company.    There was a judgment for plaintiff, and defendant appeals. Affirmed.

*Cochrane & Feetham*, for appellant.
*Bangs & Fisk*, for respondent.

WALLIN, J. This action is to recover the value of certain wheat. The plaintiff claims a special property in the wheat, under a chattel mortgage. The salient facts are as follows: On the 16th day of January, 1890, one William Rogers was the owner of a certain quarter section of land in Pembina County, and on that day executed and delivered to M. S. Hostetter & Son his promissory note for the sum of $410.50 and interest at 12 per cent. per annum, and to secure the note, executed and delivered on said day a chattel mortgage in the usual form, whereby he mortgaged to said M. S. Hostetter & Son all crops of every name and nature, to be sown, grown, planted, or harvested on said real estate during the years 1890 and 1891. On January 21, 1890, the mortgage was filed in the office of the register of deeds of Pembina County. The note and mortgage were sold and transferred to the plaintiff, and certain payments were made and indorsed on the note in October and November, 1890. In the season of 1890 there was sown, raised, and harvested on the land a crop of wheat, by said Rogers, to the amount of 1,200 bushels. Plaintiff claims that Rogers unlawfully sold 1,000 bushels of said wheat to the defendant, and delivered the same to the defendant in the month of October, 1890, and that the defendant converted the wheat by mixing it with other wheat, and shipping it out of the state. Plaintiff seeks to recover only to the extent of his mortgage lien. Judgment was entered for the plaintiff for $393.15, the amount of his claim, with interest and costs.

The action was tried by the court without a jury, and findings of fact and conclusions of law were made and filed on the 18th day of May, 1892. A bill of exceptions was settled on July 20, 1892. The record transmitted to this court embraces the judgment, findings, and bill of exceptions. Subsequently to the settlement of the bill and the entry of judgment, the Judge of the District Court, who presided at the trial, certified to the testimony adduced at the trial; and thereby, as claimed by the

appellant's counsel, such testimony became a part of the judgment roll below, and a part of the record transmitted to this court. The certification of the testimony is claimed to have been made under the provisions of Ch. 82, Laws 1893. We are clear that such testimony, except so far as it may have been embodied in the bill of exceptions, forms no part of the record, and hence cannot be considered in this court. Chapter 82, Laws 1893, had not been enacted when the trial was had, nor did such statute become a law until long subsequent to the entry of judgment and the filing of the roll embracing the bill of exceptions. The statute, in terms, is made to apply only to such cases as are "tried in the District Court according to the provisions of this act." When so tried, "no exceptions need be taken or findings of fact made." It certainly is true that the trial of the action was not had "according to the provisions of the act," and it is equally true that findings of fact were filed, and that exceptions thereto were duly settled and filed. Manifestly, therefore, the act cited cannot apply to the record under consideration.

To certain of the findings of facts, as filed in the court below, counsel for the defendant took exception; and such exceptions, after being settled and allowed by the trial court, were filed and incorporated with the record. In such bill there were no specifications of errors of law either made, or attempted to be made. In this court, appellant's counsel has made an assignment of errors embracing 24 errors, 14 of which relate to errors of law accruing at the trial in rulings upon the admission of evidence. The assignments of error based on such rulings at the trial cannot be reviewed in this court. The statute and a rule of this court are explicit in requiring errors of law accruing at the trial to be specified in the bill or statement. Where a motion for a new trial is made,—whether based upon a bill or a statement,—the errors must be specified. Compiled Laws, § 5090. Where there is no jury trial, and no motion is made, alleged errors of either law or fact must nevertheless be specified in a statement framed

in the manner required in cases where a motion is made. Laws 1891, Ch. 121; Sup. Ct. Rule No. 13.

Nor is the appellant's assignment of errors of law based upon rulings at the trial sufficient under Rule 15 of the rules of this court. None of said sasignments embrace any reference to the abstract. Rule 15 requires that each assignment of error in this court shall embrace a reference to the specification in the bill or statement to which it relates, and "also to the page or pages of the abstract in which the matter is found upon which the error is assigned." True, the requirement of the rule may be relaxed by this court, in the exercise of its discretion and in furtherance of justice; but the rule was made to be observed by counsel, and it will be enforced unless, for good reasons, it is relaxed in furtherance of justice. We have had occasion in two cases to enforce the requirement of Rule 15 in another of its features. See *O'Brien* v. *Miller*, (decided at this term) 60 N. W. 841; *Investment Co.* v. *Boyum*, (N. D.) 58 N. W. 339. It follows, both under the statute and rule of court, that appellant's assignments of errors of law based upon rulings upon the admission of evidence will not be considered in reviewing this record.

Turning now to the exceptions to the findings of fact which are embraced in the record, it appears that some of the attempted exceptions are wholly insufficient. This may be said of the first finding of fact, which embraces three distinct and important propositions of fact. To this, defendant files only the following exception: "Finding No. 1 not justified by the evidence." This is wholly insufficient as a specification. It does not distinctly point to either of the facts found in finding of fact No. 1, nor does it specify wherein the evidence fails to justify the finding of any particular fact. Under the established practice, as embodied in the statute and rule of court, this general form of exception is insufficient, and therefore such exception cannot be considered in disposing of the case. Laws 1891, Ch. 121; Sup. Ct. Rule No. 13. Others of the exceptions filed are obnoxious to the same objection. But we deem it unnecessary to allude to them, further than

to reiterate the settled rule that exceptions to findings of fact are not sufficient when they do not specify particularly wherein the finding is not sustained by the evidence. In the case under consideration, however, it happens to be true that the enforcement of the statutory requirements governing exceptions to findings of fact will make no difference with the disposition of the case. We have carefully examined the evidence embraced in the bill, with reference to all of the findings of fact, and find that each and all of them have support in the evidence. We may concede that as to some of the findings the evidence is not wholly convincing to our minds. Nevertheless, in the entire absence of rebutting testimony (none was offered,) we are of the opinion that the court below was justified in making the findings, and are entirely clear, in view of the evidence, that this court, sitting only as a court of review, ought not to disturb any of the findings. See *Jasper* v. *Hazen*, (N. D.) 58 N. W. 454.

Briefly mentioned, the points in the findings of fact most strenuously combated by the appellant's counsel are: *First*, the finding to the effect that the defendant had actual notice, when receiving the wheat, that plaintiff had a lien upon it; *second*, that the defendant did purchase, receive, and ship out of the state wheat covered by the mortgage, to the amount of 1,000 bushels, and of the value of $720; *third*, the finding that plaintiff made demand of the wheat of plaintiff before bringing this action. As already stated, we think the findings, including these specially referred to, are sustained by evidence; but, as we are also of the opinion that a discussion of the evidence in detail will serve no useful purpose, we shall refrain from any analysis of the testimony.

The facts stated in the complaint, so far as now controverted, are each and all found to be true; and from such findings the court below finds, as conclusions of law, that the plaintiff is entitled to judgment for the amount stated above. This conclusion of law is rigorously assailed in this court by the plaintiff's counsel. His contention is, in brief, that the instrument under which the plaintiff claims his lien on the grain is not, in its legal

effect, a chattel mortgage, and that, when properly construed, it is, at most, an agreement to give a lien at a future date. Quoting from his brief, "A valid chattel mortgage cannot be given upon property not in existence, as an unplanted crop." Counsel cites many authorities from other states, and the following provisions of the Civil Code: Sections 4802, 4351, 4356, 2675, 2676, 4346, 3611, 3606, 4380, 4379. Counsel contends particularly that, while section 4328 authorizes an agreement to give a lien upon property not in existence, it does not sanction the giving of a chattel mortgage upon such property. Counsel lays much stress, also, upon the language of section 4379, and urges that under that section the filing of the instrument, which is a chattel mortgage in form, is not notice to the world, because, as counsel claims, the filing of a chattel mortgage must be done in the county where the property "is at such time situated." The filing and execution of the instrument in this case occurred in January, before the crop was sown; and counsel argues from this that there was no valid filing, because (not being in existence) none of the property was in the county when and where the filing was made. We concede that there is some force and plausibility in the arguments presented by counsel, and also that some of the authorities cited may go to the full length claimed by counsel. We shall not, however, enter into any discussion of the cases, nor shall we at this time consider how far they may or may not be in point, in view of our local statutes upon the subject of mortgages. It is enough to say, under the rule *stare decisis*, that we are of the opinion that the principal points of plaintiff's contention are settled in this jurisdiction adversely to the views of plaintiff's counsel, and that we are aware of no considerations of law, justice, or public policy requiring us to annul an established rule of property in this state, and to reverse previous holdings in this jurisdiction. The instrument under which plaintiff claims a lien is in the usual form of a chattel mortgage, and it embraces an authority, upon condition broken, to foreclose the mortgage, by taking possession of the crop and selling the same. This instrument,

long before the crop was planted, was filed in the county where the land was situated upon which the wheat was raised, and was undischarged of record when the defendant purchased the wheat, and shipped it out of the state. Under the authority of the cases hereafter cited, and aside from the actual notice of of the lien, which the court below found the defendant received, we shall hold that the filing of the instrument was sufficient to impart constructive notice of the lien, and that the lien attached, as a mortgage lien, as soon as the grain was planted by the mortgagor. The precise questions involved here were exhaustively considered by the late Supreme Court of Dakota Territory in the case of *Grand Forks Nat. Bank* v. *Minneapolis & N. E. Co.*, reported in 6 Dak. 357, 43 N. W. 806. Chief Justice Tripp, speaking for the court, after citing sections 4379, 4380, Comp. Laws, uses the following language: "Clearly, these sections do not make void or invalid an instrument filed before or subsequent to its delivery or inception as a mortgage, so that it be properly filed before hostile interests attach. The statute does not require a filing of the mortgage, to give it validity, as in some states. The requirement of the filing is to cut off rights of innocent third parties. Between the parties to the instrument, the mortgage is valid, though never filed. If, as claimed by the defendant, the mortgage must be filed in the office of the register of deeds of the county where the property is situated at the time it is made, this mortgage would come within such requirement, since it was not a mortgage until the lien attached by the bringing into existence the property enumerated therein, and at such time it was already filed, and prior to any rights accruing to this defendant." This court, in *Bank* v. *Mann*, 2 N. D. 460, 51 N. W. 946, used language which may be reiterated here. We said: "The policy of authorizing a party to thus indefinitely incumber his crops may appear of doubtful benefit and of dangerous tendency, but these considerations are for the legislature, and not for the court." While it may be true that the provisions of the Code governing liens and the making and filing of chattel mortgages upon

property not yet in existence are not entirely clear to our minds, nor altogether harmonious with each other, or with the decisions of courts in other jurisdictions, it is nevertheless true that we do not conceive it to be either necessary or expedient to disturb a judicial construction of such statutes which has rendered them practically certain and reasonably clear in their requirements. To hold at this late day in the history of the legislation and judicial exposition upon the subject in this jurisdiction that an instrument given to secure a debt, which is in form a chattel mortgage covering an unplanted crop to be raised on land described in the instrument, is not, in its legal effect, and cannot become, a chattel mortgage, even as between the parties, but is, at most, an agreement for a lien of some undefined nature, would, in our opinion, be a startling surprise to the business community, and, in its practical effect, would destroy a form of security which is in very common use in all parts of the state. We are of the opinion that such a holding is not required at our hands by the exigency of this case. If the existing laws are unwise or unjust, the remedy should be sought in the legislative branch of the government.

It follows that the judgment of the District Court must be affirmed. All concur.