WALTER A. WOOD HARVESTER CO. *vs.* C. E. HEIDEL, *et al.*

DULUTH DRY GOODS CO. *vs.* C. E. HEIDEL, *et al,* (*two cases.*)

MERCHANTS' STATE BANK OF FARGO *vs.* C. E. HEIDEL, *et al.*

Opinion filed December 22, 1894.

**Dismissal of Appeal—Reinstatement.**

> The appeals in the four above entitled cases having been dismissed for failure to file the transcripts within the time prescribed by Rule 9, the court holds, on motion to reinstate such appeals, that appellants have not excused their default.  See opinion for facts urged to excuse failure to comply with the rule.

Appeal from District Court, Barnes County; *Rose,* J.

Action by the Walter A. Wood Harvester Company against Charles E. Heidel, August Heidel, and others, and separate actions by the Duluth Dry Goods Company and by the Merchants' State Bank of Fargo against the same defendants.   Defendants had judgment in all the actions, and plaintiffs separately appealed.   The appeals were dismissed, and appellants moved to reinstate.

Denied.

*Ball & Watson,* for appellant, Walter A. Wood Harvester Co.

*Newman, Spalding & Phelps,* for appellants, Duluth Dry Goods Co., and Merchants' State Bank.

*Frank J. Young* and *T. R. Palmer,* for respondents.

CORLISS, J.   The appeals in the above entitled four cases were dismissed by order of the chief justice, for failure to comply with Rule 9, requiring the appellants to cause the record to be sent up to this court within 60 days after the appeal is perfected, or within 20 days after service of notice by the respondent to send up such record, in case of appellant's failure to cause the record to be transmitted within 60 days.   Appellants in all four cases have made motions in this court to reinstate these appeals.

In support of these motions, it is first urged that Rule 9 is void because it denies to the appellant a right to be heard on the

application to dismiss the appeal, the order of dimissal being made *ex parte*, on papers showing that the provisions of the rule have not been complied with, and also because, as is claimed, it seeks to confer judicial power on a single judge in vacation, which only the court can exercise. This contention would destroy a similar rule in many of the states. Indeed, in some of the states no application to even a judge for an order of dismissal is necessary. The order is entered *ex parte* by the clerk, on a *prima facie* showing that the appellant has failed to send up the record within the specified time. See *Bowers* v. *Tallmadge*, 23 N. Y. 167; *Schenck* v. *Ringler*, (N. Y. App.) 11 N. E. 382, 383; *Sweygert* v. *Sweygert*, (S. C.) 9 S. E. 657. We cannot agree with appellant that this rule denies him a right to be heard on the question of fact whether he has failed to send up the record in time. On a motion to reinstate the appeal, he may be fully heard, and on such motion the decision of the clerk, or of a judge of the court, that the rule has been violated, is fully open to review. Neither the clerk nor the judge exercises judicial functions in dismissing the appeal. The rule declares that unless the record is sent up within the prescribed period the appeal is deemed to have been abandoned, and the order of dismissal is merely a record of what has been already accomplished by the appellant's own neglect. But the validity of the action of the clerk or judge in making such record depends upon the existence of the fact that the rule has not been complied with, and not upon his decision that the fact exists. Whether the fact does exist is open to inquiry, and will be investigated and determined by the court on motion to reinstate, the same as though such order of dismissal had never been made. If the court finds that the fact does not exist, it will treat the order of dismissal as a nullity, because it has no foundation of fact on which to rest. This line of reasoning also answers the claim that this rule confers upon a single judge functions which only the court can exercise. In all our investigations, we have discovered no decision in which it has been held, or even intimated, that such a rule is void for the

reasons urged against the validity of our Rule No. 9 in these cases. On the contrary, similar rules have been everywhere upheld. Our rule we regard as wise and just. It protects the respondent, who was the successful litigant in the lower court, from being long deprived of the fruits of his victory by an appeal which the appellant has no intention of prosecuting. On the other hand, it will never work injustice to the appellant, who may secure an extension of the time in which to send up the record on making a sufficient showing to the court. Ordinarily, this application for further time should be made before the time has expired, if the court is in session, or has power to act in vacation with reference to such matters. But there is no hardship to the appellant in this. He has 20 days after the respondent has served notice on him to cause the return to be made, or in which to make his application for further time. If the court is not in session, and has no power in vacation to extend the time, then it will relieve the appellant, and reinstate the appeal after the time has expired, provided the appellant has been diligent in his efforts to procure the return to be made in time, and has caused it to be made as soon as possible after the expiration of such time. Application should be made to the court, at the earliest practicable moment, to secure an extension of time, or to be relieved from default. In this state it would require a strong case to entitle the applicant to relief. Our rule is very liberal in its allowance of time. The appellant has 60 days in which to send up the record, but if he fails to send it up in that time his appeal cannot be dismissed. It can only be dismissed because of his continued failure to have the record transmitted for 20 days after the respondent has served notice on him to cause such record to be sent up. Thus the appellant has at least 80 days after he has perfected his appeal to send up the record to this court. The rule of the New York court of appeals allows only 30 days. See *Spoore* v. *Fannan,* 16 N. Y. 620. It is not pretended that the record was transmitted to this court in time.

But the appellants insist that the rule is void, and, further, that

they have made a sufficient showing on this motion to reinstate the appeals to call for the indulgence of the court. Having held that the rule is valid, we now come to the question whether appellants have sufficiently excused their default to entitle them to be relieved from the consequences of their failure to comply with the rule in question. The appeals are from orders vacating attachments. The excuse for the delay in sending up the records is the alleged failure of the judge before whom the motions to dissolve such attachments were argued to settle the question as to what papers were used on such motions, in time to enable appellants to comply with the rule. The appeals were perfected May 12, 1984, and it is claimed that the learned judge did not definitely determine what papers were used on the motions until July 28th. But we are not satisfied that appellants were diligent in presenting this matter to the judge, and in urging the importence of an early decision. The learned judge has made no affidavit in these motions to reinstate, and we think that, in the absence of any positive statement from him to that effect, it is very improbable that he would have so long delayed the settlement of the question as to what papers were used on the motions to set aside the attachments, had he been pressed for a decision, and informed of the importance of a speedy conclusion, that the record might be transmitted in time. There are some general statements in the affidavit on which these motions to reinstate are based, that a controversy arose about the time the appeals were taken touching the papers which were properly a part of the record, and that appellants' counsel had a conversation with the judge about the matter in the latter part part of April, 1894, and at various other times, culminating in a conversation on or about July 28th, 1894, in which the judge stated the conclusion he had reached. This falls far short of showing that diligence was used in getting the record in shape for transmission to this court. Appellants' counsel were aware that there was a misunderstanding with reference to the papers used, two weeks before the appeals were taken. On motion, made upon notice, to have the

orders vacating the attachments amended by inserting recitals that all the papers were used on these motions which appellants claimed were used, or to have this question settled and certificates made, stating what papers were used, the matter could have been brought to a hearing long before the expiration of 80 days after appealing the cases, and it is fair to assume that a decision would have been speedily rendered. All that would then have remained to be done would have been to have the necessary certificates made, and the proper papers filed, and the record transmitted. A few days would have sufficed for this. It appears that Judge Rose informed appellants' counsel what papers he had concluded were used on the motions, 10 days before the expiration of the 20 days after service of the notice by respondents' counsel that the record should be transmitted. Here was ample time to prepare the certificate, and have the papers sent up. The excuse offered to account for appellant's failure to have the record transmitted within this time shows want of diligence on their part. They claim that some of the papers were not on file, and that it took time to find them and have them filed. But due diligence is not made out by a failure for over 80 days after taking an appeal, and for 20 days after being notified to have the record sent up, to make an inquiry as to what papers are on file in the case in which the appeal is taken. It was not until after August 6th that appellants discovered that all the papers were not on file. This shows that no effort to ascertain whether all the papers were on file had been made prior to that time. Had appellants exercised due diligence in this respect, the necessary papers would doubtless have been on file when Judge Rose settled the question as to what papers were before him on the motions, and no time would have been lost in finding and having them filed. Appellants still had 10 days, after Judge Rose informed them that he had made up his mind on this question in dispute, in which to cause the record to be filed in this court. We are clear that these circumstances show that appellants have not succeeded in their efforts to excuse their

failure to comply with this salutary rule. The fact that they have incurred expenses in printing abstracts and briefs creates no equity in their behalf. It is undisputed that such expenses were not incurred until after the 20 days after service of respondents' notice had expired, and the appeals had been actually dismissed. It is true that no motion of the application for such dismissal was served. This was not necessary. Nor were appellants informed of the dismissals before commencing to print their abstracts and briefs. They were, however, notified of such dismissals by the clerk after the papers were placed in the printer's hands, and there is nothing to show how far the printing had progressed at the time they received such notice. But the complete answer to this claim of prejudice is that Rule 9 of this court was a standing notice to appellants that after 20 days from the service of notice to send up the records the respondents could have the appeals dismissed *ex parte*, in case such records were not transmitted within such time. They were bound to know that after such time the appeals might be dismissed without notice to them, and an inquiry of our clerk would have resulted in their ascertaining the fact of such dismissals before any expenses had been incurred. The courts have repeatedly refused to reinstate appeals dismissed for failure to send up the record in time, when the facts were fully as favorable to the appellants as in these cases, and in some of the decisions a much stronger case for reinstatement was made. *Grigsby* v. *Purcell*, 99 U. S. 505; *Richardson* v. *Green*, 130 U. S. 104, 9 Sup. Ct. 443; *Fayolle* v. *Railroad Co.*, 124 U. S. 519, 8 Sup. Ct. 588; *Spoore* v. *Fannan*, 16 N. Y. 620; *Smith* v. *Solomon*, (Cal.) 24 Pac. 286; *Tile Works* v. *Hall*, (Neb.) 44 N. W. 45.

The motions are denied in all four cases.

BARTHOLOMEW, J. I concur in result, without committing myself to all that is said in the opinion relative to the flexibility of court rules.

(61 N. W. Rep. 155.)

NOTE—Supreme Court rules are enforced rigidly and will not yield except in cases of extreme hardship. *Hostetter* v. *Brooks Elevator Co.*, 4 N. D. 357; *O'Brien* v. *Miller*, 4. N. D. 308; *Globe Inv. Co.* v. *Boyum*, 3 N. D. 538; *First National Bank* v. *Laughlin*, 4 N. D. 391.