## JOHN F. HENRY *vs.* JOHN W. MAHER.

Opinion filed April 23rd, 1897.

### Sufficiency of the Evidence—How Challenged.

A party who desires to challenge the sufficiency of evidence to support a verdict must either request that a verdict be directed in his favor, or except to the charge of the court submitting questions of fact to the jury. In either of which cases he may review the rulings of the court as errors in law. Or he may move for a new trial on the ground of the insufficiency of the evidence. No other mode of raising the question of sufficiency of evidence is provided by law.

### Motion on Court's Minutes—What Notice of Intention Must Specify.

Where a motion for a new trial on the ground of insufficiency of the evidence is made upon the minutes of the court, the notice of intention must specify the particulars wherein the evidence is alleged to be insufficient, or the motion must be denied.

### Specification in Statement of Case.

If such motion is made on a statement of the case, the specification must be embodied in the statement, or the motion must be denied. In either case this court on appeal is not permitted to look into the evidence unless the statute in this respect is obeyed.

### Errors Not Specified, Not Considered.

No errors in law will be considered by this court unless they are specified in the statement of the case.

### Waiver of Objection to Entry in Justice's Docket.

This action was commenced before a justice of the peace. On application of the defendant, it was transferred to the next nearest justice in the same county. The defendant appeared before such justice without objection, and the case was tried before him upon the merits. *Held,* that such justice had jurisdiction of both the subject-matter and the person of the defendant, and that defendant could not for the first time raise in the District Court the point that the record did not affirmatively show that the parties had not agreed upon a justice to whom the case should be transferred.

Appeal from District Court, Ramsey County; *Morgan,* J.

Action by John F. Henry, against John W. Maher. Judgment for plaintiff, and defendant appeals.

Affirmed.

*John W. Maher,* and *Cowan & McClory,* for appellant.
*John F. Henry,* and *Siver Serumgard,* for respondent.

CORLISS, C. J.   The merits of this case are not before us.   The points touching the insufficiency of evidence discussed in the brief of counsel for appellant were not raised by a motion to direct a verdict, nor was the charge of the court to the jury excepted to; and, so far as the abstract shows, the appellant failed to specify, either in his notice of intention to move for a new trial, or in the statement of the case, the particulars wherein he claims that the evidence is insufficient to support the verdict. Where a party desires to take the position on appeal that the evidence is insufficient to justify the submission of a question of fact to the jury, he may at the proper time request the court to exclude such questions from the consideration of the jury; and the refusal of the court so to do will, if the party is right in his view of the evidence, constitute an error in law occurring at the trial.   Or he may except to that portion of the court's charge to the jury which submits such issue to them, and, if the court is wrong in its view of the evidence, this also will constitute an error in law occurring at the trial.   Failing to adopt either one of these two courses, he has left him only the right to move for a new trial on the ground that the evidence is insufficient to justify the verdict.   If such motion is made, the moving party must, if the motion is made upon the minutes of the court, specify in his notice of intention the particulars in which the evidence is alleged to be insufficient, or the motion must be denied.   Rev. Codes, § 5474.   And, if the motion is made on a statement of the case, such specification must be embodied in the statement, or the statement must be disregarded on the motion and on appeal.   *Id.* § 5467.   The District Court and this court must proceed as though, for this purpose, there was no statement in the record. Whether the motion for a new trial in this case on the ground of insufficiency of the evidence was based upon the minutes of the court, or upon the statement of the case, is immaterial; for the appellant has failed, so far as the abstract shows, to insert either in his notice of intention or in the statement, the particulars wherein the evidence is alleged to be insufficient.   This question

is by no means new in this court. If counsel will only regard and obey clear statutory provisions regulating practice, they will encounter no difficulty in having their cases disposed of on the merits in this court. See *Hostetter* v. *Elevator Co.*, 4 N. D. 357, 61 N. W. Rep. 49.

Certain errors in law are discussed in the brief, but they are not specified in the statement as it appears in the abstract, nor have counsel for appellant assigned the errors in the brief as required by the rules of this court. See rule 15, 61 N. W. Rep. ix. The errors not being specified in the statement, the statute is mandatory that they shall not be regarded on appeal. Rev. Codes, § 5467; *Hostetter* v. *Elevator Co.*, 4 N. D. 357, 61 N. W. Rep. 49. Moreover, the abstract does not disclose that any statement of the case has ever been settled. The evidence and proceedings set forth in the abstract have, so far as the abstract shows, never been embodied in any statement, and therefore are not properly before us for consideration. We will add, however, that we have looked into the case on the merits sufficiently to be satisfied that there were no prejudicial errors occurring at the trial, and that the verdict is sustained by the evidence.

Only one question remains. It is urged that the District Court did not have jurisdiction of the subject-matter of the action. This contention rests upon the following facts: The suit was originally commenced before McGahan, a justice of the peace. On the return day of the summons an application for change of venue was made. The motion was granted, and the case was sent to Duell, another justice; the justice by whom the summons was issued entering in his docket that on the defendant's application the case was transferred to the "next nearest justice of the peace" in and for that county. It is contended that the justice who transferred the case had no power to transfer it to Duell, because it does not affirmatively appear from the record that the parties had not agreed upon a justice to whom the case should be sent; the statute (§ 6749, Rev. Codes, 1895), in terms, providing that only in the event of the failure of the parties so to agree

has the justice power to send the case to the next nearest justice. It is claimed that Justice Duell never had jurisdiction of the subject-matter, and hence that the District Court had no such jurisdiction. But the defendant is not in a position to raise this point of jurisdiction. It is not a question of the jurisdiction of the subject-matter. The justice to whom the case was sent had jurisdiction of the subject-matter, and the defendant, by appearing voluntarily before him, and offering to allow judgment to be entered against him for a particular amount, and thereafter joining issues without making any objection to the jurisdiction of the court over his person, waived all questions of personal jurisdiction as effectually as if he had voluntarily appeared without service of process, or had made such an appearance in response to a defective or void summons, or one irregularly served. If appellant's contention be sound, then the judgment appealed from is void, and might be collatterally attacked. The whole argument is built upon a false basis, *i. e.* that Justice Duell never had jurisdiction of the subject-matter. He had such jurisdiction when the parties appeared before him, and the only remaining element necessary to give him complete jurisdiction in the case was furnished by the voluntary action of the defendant himself. It is said that Justice Duell could not have jurisdiction over the subject-matter because Justice McGahan had not, for the reason stated, lost jurisdiction over the subject-matter. But it is no answer to the power of one court to proceed with a case that another action is pending in another court between the same parties for the same cause. The only way to raise this point is by an answer in the nature of a plea in abatement, if it does not appear upon the face of the complaint, or by demurrer if it does. If the point is not in this manner brought to the attention of the court, its judgment will be as valid s though no other action had then been pending. The defendant can never urge in the second case that the pendency of the former action is fatal to the jurisdiction of the court in which the second suit is pending, over the subject-matter.

The judgment is affirmed. All concur.