## JOHN LITTLER, Respondent, v. P. J. HALLA, Appellant.

### (180 N. W. 717.)

**Abatement and revival — trover and conversion — refusal to dismiss on ground of other action pending proper — instruction on damages proper.**

1. In an action for the conversion of grain under a croppers' contract, it is *held*, for reasons stated in the opinion, that no error prejudicial to the defendant occurred in the trial of the case.

**Landlord and tenant — landowner held not entitled to claim that conversion by cropper would not lie because crop not divided.**

2. Where the landowner, under a croppers' contract, has taken possession of the crop and harvested and threshed the same, and where thereafter, upon marketing the same, he has given credit to the cropper for his share of the crop, in a statement rendered, it is *held* that the landowner is not in any position to maintain that conversion would not lie upon grounds of no actual division of such grain.

Opinion filed November 26, 1920.

Action for conversion, in District Court, Ward County, *Fisk,* J.

From a judgment in favor of the plaintiff the defendant has appealed.

Affirmed.

*E. T. Burke* and *J. E. Burke,* for appellant.

The lessee has agreed that his title to his share of the crop should not vest in him until the act of division was performed by the lessor. The unjust refusal of the lessor to perform this act (division) would not make the lessee the owner of the legal title. McFadden v. Thorpe Elevator Co. 18 N. D. 93; Erronson v. Oppegard, 16 N. D. 595, 114 N. W. 377; Wadsworth v. Owens, 17 N. D. 173, 115 N. W. 667; Simmons v. McConville, 19 N. D. 787, 125 N. W. 304.

*W. H. Sibbald,* for respondent.

BRONSON, J. *Statement.*—This is an action for the conversion of grain. In February, 1918, the plaintiff entered into a croppers' contract with the defendant to farm the lands of the defendant upon shares, during the season of 1918. Accordingly the plaintiff took possession, prepared the ground, and sowed about 104 acres with wheat and barley. After seeding, the defendant was dissatisfied with the crop prospects, particularly concerning the wheat, and desired to have some of the lands resown. The plaintiff did not accede to his demands. The defendant thereupon took possession; upon some of the land already sown in wheat he proceeded to seed flax directly thereupon; some of the land so sown in wheat he plowed up and resowed with oats and barley. The defendant harvested and threshed the crops produced. The plaintiff testified that he was ready to harvest such crops. It appears from the evidence that certain injunctional proceedings between the parties were had, which were still pending, whereby the plaintiff was temporarily restrained from interfering with defendant's possession of the land or of the crop. Upon the land where the wheat and flax were sown a crop of both wheat and flax was produced. There was threshed, in accordance with the thresh bill, some 502 bushels of wheat, 110 bu. of oats, 490 bu. of barley, and some flax. The plaintiff instituted this action in conversion to recover the value of 256 bu. of wheat and 175 bu. of barley, his alleged share of the crop produced from grain sown by him. The defendant interposed a general denial.

At the commencement of the trial the court disallowed a proposed amended answer, alleging the failure of the plaintiff to perform the farm contract and the expenses incurred by the defendant by reason thereof. The court also refused to dismiss this action upon the grounds of another action pending between the same parties. Some evidence at the trial was offered on the part of the plaintiff, to the effect that the plaintiff had performed the terms of his farm contract by preparing and sowing the ground in a farmerlike manner, and that the defendant, without plaintiff's consent, had proceeded to plow and resow some of the ground so seeded. Evidence on the part of the defendant was adduced to the effect that the plaintiff had improperly prepared and improperly sown the farm land pursuant to the terms of the contract; that, after the crop began to grow from the seed sown by the plaintiff, it became evident that it was necessary to resow some of such crop; that the defendant, upon the plaintiff's refusal so to do, proceeded himself to reprepare and resow some of the farm land so seeded. That, furthermore, the plaintiff carelessly sowed some of the seed furnished and used some of the same for his own purposes, and failed further to fulfil the terms of the contract concerning the care of the premises. The defendant further showed by an itemized statement submitted and offered in evidence, that the plaintiff's share of the crop was not sufficient to pay the expenses involved in repreparing and resowing, harvesting, and threshing such crops, which expenses were properly chargeable to the plaintiff. In this statement a share of the crop of barley, oats, wheat, and flax produced was credited to the plaintiff, and the plaintiff was charged with the plowing, dragging, seeding, harvesting, and shocking of the crop, together with his share of the threshing bill, including charges for hauling the grain to the elevator. The resulting balance showed a credit in such statement, in favor of the defendant.

The trial court submitted to the jury issues permitting to the plaintiff a right of recovery in conversion for his half share of the wheat and barley at the highest market value between November, 1918, and the time of the trial, if they should find that the plaintiff performed his work of farming substantially as called for in the contract, and denying to the plaintiff the right of recovery if the jury found that the plaintiff did not so properly farm the land, and that it was neces-

sary for the defendant to reseed and purchase seed for a portion of the land, and further, if, through plaintiff's abandonment of the farm, it became necessary for the defendant to take possession, harvest, and thresh the crop involved, by reason whereof expenses in excess of plaintiff's share of such crop were incurred on the part of the defendant. The jury returned a verdict for the plaintiff for $746.10. The defendant has appealed from the judgment entered thereupon. He has assigned some fifteen specifications of error. These challenge the action of the trial court in refusing to permit the filing of an amended answer; in refusing to dismiss the action and permitting the introduction of testimony, upon the ground that another action was pending; in receiving testimony of plaintiff's expenses in attendance upon this trial; and in instructing the jury that plaintiff might be allowed, as damages, the value of the grain, at any time between the time of the alleged conversion and of the trial. In addition the defendant contends that the record discloses no actual division of the crop between the parties, and hence, under the provisions of the farm contract involved, no conversion has been shown.

*Decision.*—We are clearly of the opinion that the defendant has been accorded a fair trial, and that no error prejudicial to the defendant has occurred.

The trial court properly refused to dismiss this action upon the grounds of defendant's motion that there was another action pending between these parties involving the same issues. See Henry v. Maher, 6 N. D. 413, 416, 71 N. W. 127; 1 C. J. 1162.

The proceedings in the injunction action between these parties, apparently still pending, were offered in evidence by the plaintiff, but upon the objection of the defendant were refused.

The defendant's objection concerning the evidence of plaintiff's expenses in attendance upon the trial is without merit. The trial court, upon defendant's motion, struck out such testimony.

Pursuant to § 7168, Comp. Laws 1913, the jury were properly instructed that they might award the highest market value of the grain at any time between the date of the conversion and the time of the verdict. Evidence of this market value, which the jury might adopt as the market value of such grain, was given by the defendant himself.

The defendant is not in a position to contend that conversion cannot

be maintained for the reason that there was no actual division of the grain. The position of the defendant, through his proof and evidence, is predicated upon a division of the grain and the right to deduct from plaintiff's share thereof the expenses incurred in the production thereof,—all pursuant to the farm contract. Through a statement of account made by the defendant, received in evidence, dated February 1, 1919, and about that time served upon plaintiff's attorney, there is shown a division of this grain and a credit of plaintiff's share thereof to the plaintiff by the defendant.

It fully appears in the record that the defendant was accorded full opportunity, under his original answer, to present in the evidence and to have submitted to the jury the issue of his right to deduct from plaintiff's share of the crop expenses that were properly chargeable to the plaintiff, pursuant to the contract. The judgment is affirmed.

CHRISTIANSON, Ch. J., and ROBINSON and BIRDZELL, JJ., concur.

GRACE, J. I concur in the result.