## BLISS *v.* LITTLE'S ESTATE.

*Practice as to costs.*

1. The supreme court has no discretion in the allowance of costs accruing in the county court upon the trial of an appeal from the probate court.

2. In the absence of any declaration to the contrary, it is to be understood that costs in the supreme court are adjudged to the prevailing party.

3. Questions as to costs in the county court can only be properly brought before the supreme court by having the costs taxed and the question decided in the lower court and certified up as a part of the case.

4. Questions as to costs in the supreme court must be made while the case is before that court.

This was an appeal from a taxation of costs by the clerk of the County Court for the county of Washington. The case originally came from the Probate Court, and was determined in the County Court at the September term, 1889. From there it passed on exceptions to the Supreme Court, where it was argued at the General Term, 1890, and entered with the court. May 19, 1891, the following judgment order was handed down:

"This case was heard at the General Term, 1890, and entered with the court. The clerk will now enter, judgement reversed and judgment that the said sum of $2,193.29, parcel of the amount of plaintiff's notes mentioned in the record, cannot be decreed toward his share of the estate; this judgment to be certified to the Probate Court."

Upon the taxation of costs the clerk ruled that inasmuch as no costs were ordered by the Supreme Court, none were taxable. Thereupon the plaintiff applied to the judge having the case in Supreme Court, who directed the clerk by letter dated June 23, 1891, to tax full costs for the plaintiff. This the clerk then did, and the defendant appealed.

Bliss *v.* Little's Estate.

*S. C. Shurtleff*, for the defendant.

The Supreme Court having made no order as to costs, none can be recovered, nor can the case be re-opened. *Jones, Admr.* v. *Knappen*, 63 Vt. 391.

*J. A. Wing*, for the plaintiff, cited *Brigham* v. *Executors of same*, 15 Vt. 788; *Sargeant* v. *Sargeant*, 18 Vt. 330.

By the court, ROWELL, J. This was an appeal from probate, finally determined in vacation after last General Term. It now comes before us on a question of costs, which, in this class of cases, are discretionary—R. L. 2280—and have been since the act of 1833, No. 11. We adopt the construction put upon that statute in *Allen* v. *Rice*, 24 Vt. 647, and refer to that case for a statement of the law as to this court's power over costs in the County Court.

As to the costs in this court, it is so much of course for the prevailing party to have them, that it is understood as matter of practice, if nothing is said about them, that they are adjudged to him by implication.

Although this question is irregularly before us, we have entertained it for the purpose of having an opportunity to announce the practice in the reports.

In order properly to bring before this court questions of costs in the County Court, the costs should be there taxed and the question decided, and certified up as a part of the case. Questions as to costs in this court should be made while the case is before it, otherwise the court has no power in the matter.