M. H. DAVIS *v.* ARTHUR GOULETTE, AND CONNECTICUT VALLEY LUMBER COMPANY, TRUSTEE.

May Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 25, 1908.

*Trustee Process—Delivery of Fund by Trustee After Service of Writ—Effect—P. S. 1721—Costs in Supreme Court— Excessive Judgment—Remittitur.*

In assumpsit begun by trustee process, it appeared that the trustee employed defendant, who could not speak English nor read and write, through an interpreter who gave defendant's name as Arthur Goulette, and that name was entered on the trustee's

books some weeks before the writ was served, and defendant's time credited to that name for two days; but the same work was also credited under the name of Charles Goulette, and all defendant's work after the first two days was credited to that name; that after the writ was served on the trustee, defendant applied to it for his wages, presenting a time slip made out in the name of Charles Goulette and received the wages due on that account. *Held* that, while there may be circumstances in which ignorance of defendant's ownership of the fund will entitle the trustee to the same protection as ignorance of the service of the writ, under P. S. 1721, yet the service of the process in the name under which defendant was originally entered on the books three weeks prior thereto was sufficient to put the trustee on inquiry regarding the change in the name of the account, and hence it was in fault in crediting defendant's earnings under another name, and could not take advantage of the statute.

The trial court having inadvertently rendered judgment against the trustee in a larger sum than that against defendant, the trustee was entitled to his costs in Supreme Court upon there filing a remittitur for the excess.

GENERAL ASSUMPSIT begun by trustee process. Heard on the report of the Commissioner appointed to take the trustee's disclosure, and on the trustee's motions to set aside the report and for the discharge of the trustee, at the March Term, 1907, Essex County, *Taylor*, J., presiding. Motions overruled, and judgment on the report for the plaintiff against the trustee. The trustee excepted. The opinion states the case.

*Amey & Hunt* for the trustee.

That the trustee should be held in the circumstances disclosed by the report is contrary to the spirit and intent of P. S. 1721. *Williams* v. *Kenney*, 98 Mass. 142; *Porter* v. *Stevens*, 9 Cush. 530; *Williams* v. *Marston*, 3 Pick. 65; *Landry* v. *Chayret*, 58 N. H. 89; *Bingham* v. *Lamping*, 26 Pa. St. 340; *Hamilton* v. *Plummer*, 34 N. W. 278.

But aside from our statute, the trustee is not liable, for it did not know that this fund, credited to Charles Goulette,

was in fact the property of Arthur Goulette. 8 Am. & Eng. Enc. (1st Ed.) 1151; Drake on Attach. (6th Ed.) §482.

*Herbert W. Blake* for the plaintiff.

"A garnishee, or trustee is not justified in paying a debt to the principal defendant or third person after the service of the writ or trustee process; and where he does so, he is liable to the garnishor for the amount so paid." 20 Cyc. 986; *Garfield* v. *Ins. Co.,* 69 Vt. 549; *Hazeltine* v. *Page,* 4 Vt. 49; *Strong* v. *Mitchell,* 19 Vt. 644; *Dowe* v. *Taylor,* 71 Vt. 337.

P. S. 1721 cannot aid the trustee, for the case of *Barney* v. *Douglass,* 19 Vt. 98, shows that this section relates to cases where the writ has been served by leaving a copy at the last and usual abode of the trustee in his absence, and he has paid before receiving any knowledge whatever of it; and in that case the trustee was held chargeable upon a note indorsed in good faith and for sufficient consideration to a third party, though he has received notice of an assignment and promised to pay the note to the indorsee after the process had been served upon him but before he knew it.

Munson, J. The defendant, a French-Canadian, who could not speak much English, nor read it at all, nor write his name, entered the service of the trustee April 6, 1905, under an arrangement made through an interpreter, a friend of the defendant, who gave the defendant's name to the trustee's timekeeper as Arthur Goulette. This name was entered on the trustee's books, and defendant's work of April sixth and seventh was credited under it. The same work was also entered under the name of Charles Goulette, and defendant's subsequent work was credited on this account; the first account remaining without further credit and unadjusted. Nothing explanatory appears. The writ was served on the trustee April 26, and on the defendant May 12. The defendant worked until May first, and then applied to the trustee's agent for his pay, presenting a time-slip made out in the name of Charles Goulette; whereupon the agent, who had no knowledge of the defendant, settled with him from the Charles Goulette account.

—the defendant receipting for the payment by making his mark, and the agent completing the signature by affixing the name "Charles Goulette."

The trustee claims protection under V. S. 1366, which provides that a trustee shall not be held chargeable for a payment made in good faith after the process has been served on him but before he has knowledge of it. The case presented is not within the terms of the statute. The trustee had knowledge of the service of the writ when it made the payment, but did not understand that the moneys credited on its books to Charles Goulette were the earnings of the defendant. But the trustee contends that a payment made in ignorance of the defendant's ownership is within the spirit of the statute, and one that would entitle it to relief independently of the statute. There may be circumstances in which ignorance of the defendant's connection with the fund will entitle a trustee to the same protection as ignorance of the service of the writ, but the case presented here is not within the authorities relied upon. In *Laundry* v. *Chayret*, 58 N. H. 89, the trustee did not have the name of the defendant on its payroll, and had no knowledge of the existence of such a person; and the court said there was nothing to put the trustee upon inquiry concerning the identity of the defendant with the person to whom the payment was made. In *Hamlin* v. *Huse*, an unreported case cited in the case just referred to, the trustee's agent examined its books without finding the defendant's name, and could not learn by inquiry that any person of that name had been in the trustee's service. In this case the defendant was employed, and entered upon the trustee's books, and credited with his first earnings, under the name by which he is sued, only three weeks before the trustee process was served. The service of a process in that name ought to have brought the original entry to the trustee's notice, and have led to an inquiry regarding the change in the accounts. The case leaves the trustee in fault in crediting the defendant's earnings under another name, and in failing to ascertain the fact when put upon inquiry; and one thus in fault cannot be heard to say that he made the payment in good faith.

The court below inadvertently rendered a judgment against the trustee larger than that against the defendant, and

the plaintiff has filed in this Court a *remittitur* of the excess. This modification of the judgment entitles the trustee to its costs in this Court. *Crampton* v. *Valido Marble Co.*, 60 Vt. 291; 15 Atl. 153, 1 L. R. A. 120; See *Brown* v. *Davis*, 19 Vt. 603; *Bliss* v. *Little's Est.*, 64 Vt. 133, 23 Atl. 725.

*Judgment affirmed, less the amount remitted, with costs to the trustee in this Court.*