FIRST NATIONAL BANK *vs.* MERCHANTS NATIONAL BANK, *et al.*

Opinion filed October 28th, 1895.

**Appeal—Trial DeNovo.**

This is an action at law, and was tried to a jury. After the testimony was introduced, and counsel for both sides had rested the case, it was agreed in open court that the jury might be discharged, and the case be submitted for determination to the court. The jury was accordingly discharged, and the court made and filed its findings, and judgment was entered thereon. *Held*, that the case is not triable "anew" in this court, under Ch. 82, Laws 1893. That chapter applies only to such cases as are "tried by the District Court without a jury." This action was not so tried.

**Certificate of Trial Judge.**

The judge's certificate appended to the record sent to this court certified only that such record contained all testimony "taken" at the trial. *Held*, that this does not bring the case within the terms of said chapter 82, which requires that all evidence "offered" in such cases "shall be taken down in writing," and that "all evidence taken as provided by this section shall be certified by the judge."

**Specifications and Assignments of Error.**

A bill of exceptions was settled below, and is embraced in the record sent to this court; but the same does not contain any specifications of error occurring at the trial, nor any exception pointing out wherein any finding of fact is not justified by the evidence. No errors are assigned in the brief of appellants' counsel filed in this court. *Held*, under the statutes and rules of court, and upon the authority of *Hostetter* v. *Elevator Co.*, 61 N. W. 49, 4 N. D. 357, that this court will not examine the record for the purpose of reviewing errors in the procedure below.

Appeal from District Court, Ramsey County; *Morgan*, J.

Action by the First National Bank of Devils Lake, N. D., against the Merchants' National Bank of Devils Lake, N. D., and others. Judgment for plaintiff, and defendants appeal.

Affirmed.

*Cowan & McClory*, and *Joseph Denoyer*, for appellants.

*M. H. Brennan*, (*Cochrane & Feetham*, of counsel,) for respondents.

WALLIN, C. J. This was an action in the nature of replevin to recover the possession of certain wheat. It was tried to a jury,

but after all the testimony had been put in, and after both sides had rested the case, it was agreed in open court that the jury might be discharged, and the case be submitted to the court for final determination; whereupon the jury was discharged, and the court made and filed its findings of fact and conclusions of law, and directed that judgment be entered in favor of the plaintiff, and judgment was entered accordingly. The only exception taken to such findings is in the following language: "The defendants, by their attorneys, hereby except to the findings of the courts in the above entitled action." Subsequently the defendants proposed a bill of exceptions, and a bill was settled by the trial court; but there were no specifications of errors of law incorporated in such bill, nor was there an attempt made to specify in such bill wherein the findings of fact were not justified by the evidence. In its order settling the bill, the trial court states that the bill "is hereby settled and allowed as a true bill of exceptions herein, containing all the testimony in said case necessary to the determination thereof." Appellants' brief, as filed in this court, contains no assignments of error, as required by rule numbered 15 of the rules of this court; nor is the judge's certificate, as required by rule 12 of the rules of this court, appended to the record transmitted to us by the court below. We further find in the record, following the order setting the bill of exceptions, and in addition to the certificate of the clerk of the District Court, as required to be made by section 5217 of the Compiled Laws, the following certificate of the trial judge: "I hereby certify that the above and foregoing is a full, correct, and complete transcript of all testimony taken, proceedings had, and exhibits introduced in evidence, in the above entitled action; that the exhibits hereto attached are the original exhibits introduced in the said action."

When the case was reached in this court, and pursuant to notice, counsel for respondent made and argued a preliminary objection (based upon the record) to the hearing or trial of the case in this court. Appellants' counsel did not appear to oppose

said motion.   The court took the motion under advisement, and the case on the merits was submitted on briefs.   It is never a pleasant duty to dispose of a case coming into this court upon purely technical grounds, and without considering the merits; but, in the interest of a sound and uniform practice, it sometimes becomes necessary to do so.   This course must be pursued in the case under consideration.   The preliminary objections urged by respondent's counsel against either hearing this case for the purpose of reviewing errors below, or for the purpose of trying it "anew," are, in our opinion, insurmountable.   Not considering other objections, the case cannot be tried anew, under Ch. 82, Laws 1893, because the record shows that the case is not within the terms or purview of that chapter.   That chapter by its terms applies "in all actions tried by the District Court without a jury." The case at bar was not so "tried."   It is an action at law, and was tried throughout the whole trial, and until after both sides had rested the case, as a jury case, and not otherwise.   The record forbids the idea that either court or counsel supposed during the trial that the evidence was being adduced in conformity to the peculiar and exceptional provisions of the act of 1893.   This court is not disposed to extend that statute, by a loose construction, so as to embrace cases not within the fair import of its language.   The statute is a radical innovation upon the established practice in this state and in all the code states, and should, we think, not be expanded by judicial interpretation in such a way as to include cases not strictly within its terms.

But the case cannot be tried anew in this court, under the act of 1893, for another reason.   The act requires that "all the evidence offered at the trial shall be taken down in writing," and, further, that "all evidence taken as provided by this section shall be certified by the judge," etc.   In this case it does not appear by the judge's certificate appended to the record either that all the evidence "offered" in this case was taken down in writing, or that all the evidence offered is now incorporated in the record sent to this court.   The judge's certificate refers only to evidence

actually "taken" at the trial, and does not purport to deal with evidence which may have been "offered," and not taken.

Turning now to the so-called "bill of exceptions" found in the record, it is apparent that this court, under its printed rules, as well as under the language of the statute itself, is precluded from any consideration of errors which may have occurred in the procedure below. There are no errors assigned in the brief of appellants' counsel, as required by the rule of court. True, counsel have attempted to assign errors in the abstract, where they do not belong; but, if this defect in practice were waived by the indulgence of the court by relaxing such rule, such assignments would be necessarily worthless because they are not preceded by any specifications of error in the bill of exceptions. Such specifications are indispensable under both the statute and rules of court. *Hostetter* v. *Elevator Co.*, 4 N. D. 357, 61 N. W. 49. In the condition of the record, we are not at liberty to consider the evidence or the procedure in the court below, and must therefore affirm the judgment. All the judges concurring.