## MIKE SCHMITZ *vs.* ANTONIO HEGER.

Opinion filed October 28th, 1895.

**Specification of Error in Bill.**

> The defendant moved in the District Court, upon a bill of exceptions, to vacate the verdict and for a new trial, and, from an order denying the motion, appeals to this court. The bill of exceptions embodied no specifications of error. *Held*, that alleged errors of law occurring at the trial, and discussed in the appellant's brief, will not be reviewed by this court. *Hostetter* v. *Elevator Co.*, 61 N. W. 49, 4 N. D. 357; *Illstad* v. *Anderson*, 49 N. W. 659, 2 N. D. 167; *First Nat. Bank of Devils Lake* v. *Merchants Nat. Bank of Devils Lake*, 64 N. W. 941, 5 N. D. 161.

**Assignments of Error—Rule Fifteen.**

> In their brief filed in this court, counsel for appellant have attempted to assign certain errors of law occurring at the trial, which errors are discussed at length in such brief. There were and could be no specifications of errors in the abstract, as none were contained in the bill; and there was no attempt in the assignments of error appended to appellant's brief to refer to any page in the abstract where any specification of error could be found. *Held*, that such attempted assignments of error were insufficient, under Rule 15 of the Supreme Court Rules. 3 N. D. xiii.

Appeal from District Court, Traill County; *McConnell*, J.

Action by Mike Schmitz against Antonio Heger. From an order refusing a new trial, defendant appeals.

Affirmed.

*Ingwaldson & Howland*, and *H. Steenerson*, for appellant.

*P. G. Swenson*, (*Cochrane & Feetham*, of counsel,) for respondent.

WALLIN, C. J. In this action, plaintiff sues to recover money claimed to be due him from the defendant upon contract. There was a jury trial, resulting in a verdict for the plaintiff. Defendant served notice of intention to move in the District Court to vacate the verdict, and for a new trial; but said notice of intention omitted to state any grounds upon which the motion would be based. Later a bill of exceptions was settled, but there were no specifications of error embodied in the bill. In this court we find in the brief filed by counsel for the appellant that an attempt

has been made to assign errors, as required by rule 15 of the rules of this court. The assignments do not comply with such rule, and could not do so in the absence of specifications of error in the bill. The assignments do not and could not refer to "the page of the abstract where the particular specification of error is found." Our attention having been called to the condition of the record, we are without power to examine alleged errors of law occurring at the trial, and none other are discussed in appellant's brief. We have reserved in the rule the right to relax the rule requiring assignments of error, and this we have done in other cases, in furtherance of justice; but we have no power to relax a statutory requirement intended to aid both court and counsel in the court below, as well as in this court. Our attention being called to the omission, we cannot overlook the requirement of the statute that errors must be specified in the bill of exceptions. See section 5090, Comp. Laws; Court Rules Nos. 13, 15, found on pages 12, 13, 3 N. D., and page ix., 61 N. W.; *Hostetter* v. *Elevator Co.*, 4 N. D. 357, 61 N. W. 49; *First Nat. Bank of Devils Lake* v. *Merchants Nat. Bank of Devils Lake*, 64 N. W. 941, 5 N. D. 161; *Illstad* v. *Anderson*, 2 N. D. 167, 49 N. W. 659; 3 Estee, Pl. & Prac. § 4896, and authorities cited.

The order appealed from is affirmed. All the judges concurring.
(64 N. W. Rep. 943.)