(71 N. W. Rep. 135.)

JOSEPH THOMPSON *vs.* D. C. CUNNINGHAM.

Opinion filed April 26th, 1897.

**Specifications of Error—Review on Appeal.**

> Where a motion for a new trial is based upon a statement, errors, (whether in the verdict, decision, or in the rulings of the court below) will de disregarded in this court unless the same are specified in the statement.

Appeal from District Court, Grand Forks County; *Templeton*, J.

Action by Joseph Thompson against D. C. Cunningham. Judgment for plaintiff. Defendant appeals.

Affirmed.

*J. H. Bosard*, for appellant.

*Cochrane & Feetham*, for respondent.

WALLIN, J. This is an action to recover damages for certain grain which the plaintiff claims was willfully destroyed by the defendant. There was a verdict for the plaintiff, awarding damages in the sum of $250. A statement of the case was settled, embracing three specifications of error, which may be summarized as follows: First, that there was no evidence showing that the grain destroyed was of any value, and the evidence showed that the grain was of no value; second, that the damages were excessive, and appeared to have been awarded by the jury under the influence of passion and prejudice, in this: that there was no evidence showing that the plaintiff was damaged in the sum of $250, or in any amount; third, misconduct of the jury. The

learned trial court, in its certificate settling the statement of the case, states: "It is hereby certified that the foregoing statement of the case contains all the evidence adduced at the trial, and all the proceedings had therein necessary to present the questions and exceptions relied on by the parties to this action." Upon the statement of the case the defendant moved in the trial court to vacate the verdict, and for a new trial of the action. The motion was denied, and from the order denying the motion the defendant has appealed to this court.

The case was submitted to this court upon briefs, and without oral argument. Appellant has made no assignments of error in this court, as required by rule 15 of the rules of this court. 61 N. W. Rep. ix. In appellant's original brief there is an entire absence of any assignments of error upon either of the three specifications of error embodied in the statement, and already referred to. Appellant's original brief contains a very able argument, and one apparently well fortified by authority, upon a feature of the case which we shall hereafter notice, but no allusion is made in appellant's said brief to either of the points suggested by the specifications of error. On the contrary, such points are neither assigned as error nor alluded to in that brief. The errors specified in the statement having been thus completely ignored by the appellant, and neither assigned, discussed, nor referred to in this court by counsel, we are not at liberty, under established rules of practice, to consider or determine the questions arising upon the statement of the case. It is in fact perfectly obvious that the appellant's counsel in his original brief intentionally abandoned all of his specifications of error, and did not desire or expect this court to pass upon the same, or either of the same. Under the circumstances, we shall be compelled, under the established practice, without reference to the merits of the points raised by the specification contained in the statement, to rule the same adversely to the appellant. In this case however, we can say that we have carefully read the record, and find that, while the evidence which bears upon the question of the

value of the grain destroyed is very conflicting, there is competent evidence in the record tending to show that the grain which defendant admits he destroyed was of the value found by the jury, and, therefore, that there is no evidence that the verdict was rendered under the influence of passion and prejudice. We find no evidence in the record tending to show that the jury were guilty of "misconduct." The affidavit upon which this feature of the motion for a new trial was originally founded has not been preserved in the abstract, and we are therefore unadvised as to its contents. Besides, as has been said, no error is assigned in this court upon this feature of the case, nor is it mentioned in either of appellant's briefs. An inspection of the record transmitted to this court discloses the fact that the record does not embrace any of the instructions given to the jury by the trial court, nor can we find that any ruling made during the trial was challenged by an exception. If the District Court was requested at the trial to give an instruction to the jury of any character, the fact of such request does not appear of record, nor does it appear that either side moved for a directed verdict. In this court counsel does not, in the original brief, complain of any ruling made by the court below, nor that the verdict is without support in the evidence with respect to any feature pointed out in the statement. Appellant argues in his original brief that the case should be reversed in this court because, as he contends, the evidence shows that the plaintiff, at the time the defendant destroyed the property, was not the owner of the same. Whether this contention was or was not developed at the trial, it is certainly true that no trace of it can be found in the record. The statement embraces only so much of the evidence as, in the opinion of the trial court is deemed "necessary to present the questions and exceptions relied on by the parties to this action." The questions "relied on" by the appellant can embrace only those specified in the statement of the case. With respect to any and all other questions which may have arisen at the trial, there is nothing to show that all the evidence concerning them is embraced in the state-

ment. On the contrary, the plain inference from the language of the statement is that the evidence upon uncontroverted points is excluded from the record, as it should be in all cases. Nothing in the notice of intention to move for a new trial, or the statement prepared by appellant, advised counsel for respondent, or the court below, that the appellant intended to raise the point touching the title to the property now so strenuously urged in this court; nor does the record before us give countenance to the idea that the contention of counsel in this court upon the question of title was ever heard of by the District Court, either at the trial or on the motion for a new trial. The question whether the plaintiff owned the grain at the time of its destruction could have been presented to the trial court either by a request for a directed verdict in favor of the defendant, or by an exception to instructions. The same question could likewise have been raised by a proper specification in the statement, setting out the deficiency in the evidence upon the feature of plaintiff's ownership of the property destroyed. So far as appears of record, the appellant's contention here was never raised in the District Court as we have indicated, or at all. It is therefore manifest that we are not permitted, under the statute or rules of court, to decide the question of title now pressed upon us for determination. A decision of the question would be in the teeth of the statute, and in defiance of our own rules of practice. See § 5467, Rev. Codes, and rules 13 and 15 of the rules of the Supreme Court, 61 N. W. Rep. ix. Both the statute and rules of court require us to "disregard" errors, whether in rulings or in the verdict, where the errors upon which we are requested to rule are not "specified" in the statement, in cases where, as in this case, the motion for a new trial is based upon a statement. Neither the statute nor the rules of court we have cited are of recent origin, as both have substantially come down to the state courts by inheritance from the Territory of Dakota, and we have had frequent occasion to apply them to cases decided in this court. Experience has demonstrated the great utility of the statute and rules in ques-

tion in facilitating the solution of the problems involved in litigation; but their highly beneficial uses would, of course, be lost and wasted if we failed to enforce them according to their letter and spirit. Nor can we relax the clear mandatory requirements of the statute in any case, even if by so doing we might, in an isolated case, promote the ends of justice. See *Henry* v. *Maher*, 6 N. D. 413, 71 N. W. Rep. 127; *First Nat. Bank* v. *Merchants' Nat. Bank*, 5 N. D. 161, 64 N. W. Rep. 941; *Smith* v. *Heger*, 5 N. D. 165, 64 N. W. Rep. 943; *Hostetter* v. *Elevator Co.*, 4 N. D. 357, 61 N. W. Rep. 49; *O'Brien* v. *Miller*, 4 N. D. 308, 60 N. W. Rep. 841.

We should add, perhaps, that since this case was submitted to this court in behalf of the respondent, which submission was made when the case was reached in its order in this court, and after the brief of the respondent's counsel and the original brief of the appellant's counsel had been placed on file, we have received a copy of an "additional" brief in the case made by appellant's counsel. In the additional brief, counsel for appellant states that, "appellant having omitted to subjoin to former brief assignments of error objected to and relied upon in this appeal, this amended or supplemental brief is prepared and furnished for the purpose of rectifying this omission." The only assignment of error contained in the additional brief of appellant's counsel is as follows: "The evidence was insufficient to justify the verdict." It is clear that this court cannot regard this attempt to assign error as adequate to meet the requirements of rule 15 of the rules of this court, for two reasons: First. The rule of this court requires assignments of error to be served with the appellant's brief upon counsel for respondent prior to the first day of the term. This was not done, nor is there any claim that this requirement has been waived by the respondent's counsel. Second. The attempted assignment of errors in the additional brief is wholly insufficient, under rule 15, Sup. Ct. Rules. On its face it fails to point out any particular error, nor does it refer to any specification of error in the abstract as explan-

atory of such attempted assignment. It is impossible to gather from the attempted assignment of error what specific error it is which counsel now desires this court to pass upon. True, counsel in his additional brief has discussed certain points, including the point of value, which he deems it important for the court to consider; but it is needless to say that what counsel may see fit to advance by way of argument does not constitute an assignment of errors, within the meaning of the rule which requires an assignment of errors. We are therefore compelled to dispose of the case without reference to the attempted assignment of errors in appellant's additional brief, but in so doing we reiterate what was said in a former part of this opinion. This court, and every member of it, has carefully read and considered the evidence upon the question of the value of the property involved in litigation; and we are of the opinion that, in view of the substantial conflict in the evidence, we ought not to disturb the verdict. Perhaps the evidence preponderates against the view taken by the jury, but the trial court, after time for deliberation, and with all the light before it, refused a new trial; and upon a mere question of value, based as it is upon the conflicting opinions of witnesses, we do not feel justified in overruling the views of both the jury and the trial court.

Finding no error in the record, the order appealed from will be affirmed. All the judges concurring.