The writ will issue as prayed for.

---

RAY SWALLOW v. FIRST STATE BANK, a Corporation.

(160 N. W. 137.)

**Trial court — motion for new trial — prevailing party — costs — allowance of — authority — final decision — regardless of.**

1. A trial court has. authority to award to the prevailing party (who has in no way been in fault and is entitled to a new trial as a matter of right), upon a motion for a new trial, the costs and disbursements incident to such motion, whether such party ultimately becomes the prevailing or losing party in the final judgment which may be obtained in the action.

**New trial — order granting — silent as to costs — allowed prevailing party — court — authority.**

2. The fact that, in such case, the order granting a new trial is silent as to costs, is not equivalent to an adjudication that costs and disbursements be not allowed to the prevailing party.

**Court stenographer — fees paid to — for transcript — for use on motion — properly taxable — necessary disbursements.**

3. In such case fees paid the court stenographer for a transcript upon which the motion for a new trial is founded are properly taxed as a necessary disbursement in favor of the prevailing party.

Opinion filed November 14, 1916.

Appeal from the District Court of Hettinger County, *Crawford*, J. Plaintiff appeals.

Affirmed.

*Jacobsen & Murray,* for appellant.

The clerk must insert in the entry of judgment on the application of the prevailing party, upon notice, the sum of the allowance for costs as provided by this Code. Comp. Laws, 1913, §§ 7793, 7794, 7800; Wolfe v. Ridley, 17 Idaho, 173, 104 Pac. 1014, 20 Ann. Cas. 39.

Where costs on a motion for new trial are in the discretion of the

court, no costs can be allowed unless the court exercises its discretion by awarding them. 11 Cyc. 252.

Costs are statutory, and none can be allowed which do not come within the items specified by the statute. Casseday v. Robertson, 19 N. D. 574, 125 N. W. 1045; Comp. Laws 1913, § 7793.

*V. H. Crane*, for respondent.

Upon a motion or other proceeding in an action, costs may be awarded not to exceed $25 in the discretion of the court. Comp. Laws, 1913, § 7804; Linne v. Forrestal, 51 Minn. 249, 53 N. W. 547, 653.

Disbursements are allowable. Comp. Laws 1913, § 7793.

CHRISTIANSON, J. In 1912, plaintiff recovered judgment against the defendant in the district court of Hettinger county for $800 damages. The defendant procured a transcript of the evidence adduced, and the proceedings had at the trial, at a cost of $60.75. Defendant thereupon prepared a statement of the case, which was duly settled, upon which it founded a motion for a new trial, which was granted.

The trial court assigned the following four reasons for ordering a new trial:

"1. That the damages awarded by the jury are so excessive as to convince the court that they were awarded under the influence of passion or prejudice, or given as punitive damages under erroneous instructions by the court as to the amounts of punitive damages, under the first and third causes of action alleged in the complaint. 2. That the evidence, especially that part of the evidence relating to damages, is insufficient to support the verdict. 3. That the instructions of the court as to the rights of the jury to award punitive damages under the first and third causes of action alleged in the complaint are erroneous, to the prejudice of plaintiff. 4. That the instructions of the court, as to the amount which the jury might award to plaintiff as a penalty for failure to furnish a certificate of discharge or satisfaction of a lien upon personal property, when such lien was satisfied by the payment of the debt secured thereby, are erroneous, to the prejudice of plaintiff." The order made no reference to the costs incurred on the motion for a new trial.

Plaintiff appealed from the order granting a new trial. The order was affirmed by this court, and the costs of the appeal directed to be

taxed in favor of the defendant. See Swallow v. First State Bank, 28 N. D. 283, 148 N. W. 630.

The cause was again tried in the district court, and resulted in a verdict and judgment in favor of the plaintiff. On December 11, 1914, defendant's attorney filed with the clerk of the district court an itemized, verified statement of costs and disbursements upon the motion for a new trial, which, among other items, included the cost of the transcript. The costs upon the motion for a new trial were thereupon taxed by the clerk of the district court. An application to retax the costs, duly noticed, came on for hearing before the clerk of the district court on December 15, 1914, and resulted in a disallowance of the proposed items of costs and disbursements. Thereafter defendant, upon due notice, moved the court for a review of the retaxation of costs. Both parties appeared at the hearing of such motion, and the district court entered an order directing the taxation of $60.75, cost of the transcript, in favor of the defendant. Judgment was entered therefor, and plaintiff appeals.

It is well settled (as appellant asserts) that costs are the creature of, and can be awarded only when authorized by, statute. It is equally well settled that "the party complaining in a court of appellate jurisdiction of alleged errors in the taxation of costs in the court below must affirmatively show some error in the taxation of the costs by some appropriate method, or it will be presumed in support of the action of the lower court that there was no error in the taxation, and as a result of such presumption the taxation of costs by the court below will not be disturbed." 11 Cyc. 168, 169. See also 5 Standard Enc. Proc. 965.

There is nothing in the record to show whether costs were ever taxed on the appeal; nor is there anything to show when the retrial of the action was had, or whether the costs upon such retrial have been finally taxed. All these matters, upon which the record before us is silent, would necessarily be disclosed by the records in the court below, and consequently known to the trial court.

The presumption is that the trial court's order was properly made, and the burden is upon appellant to show wherein it is erroneous. To do this he must present a sufficient record for reviewing the errors assigned. (Davis v. Jacobson, 13 N. D. 430, 432, 101 N. W. 314.)

In considering an appeal from a determination involving the taxation of costs, this court does not try the case *de novo* as appellant suggests, but sits merely as a court of review, and as such reviews merely the correctness of the rulings made by the trial court. Consequently, it is a general rule that a party, in order to be heard on appeal, must be able to produce a record showing that the specific objections urged in the appellate court were properly presented in the court below.  5 Standard Enc. Proc. 965; 11 Cyc. 169.

So far as the record in this case shows, plaintiff presented no objections whatever to the taxation of costs, either before the clerk of the district court or before the district court itself. Hence, there is considerable doubt whether appellant has presented any question for our determination in this case. If he has, it is self-evident that the presumptions above referred to must apply with even more than usual force, and if the trial court's determination can be sustained on any conceivable statement of facts not negatived by the record presented on this appeal, it must be so sustained.

Plaintiff contends that no costs or disbursements can be taxed except in favor of the party which finally prevails, *i. e.,* the party in favor of whom final judgment is eventually rendered; that in this case, final judgment was rendered in favor of the plaintiff, and that consequently defendant was not entitled to recover any costs.

Many of our statutory provisions relative to costs were originally adopted by the territorial legislature. This is true of § 7790, Compiled Laws 1913, which was originally adopted by the legislature of the territory of Dakota in 1883. Subdivision 3 of this section, relating the allowance to the prevailing party of costs, provides that there shall be allowed: "To either party, when a new trial shall be had, for all proceedings after the granting of and before such new trial, $5; for attending upon and taking the deposition of a witness conditionally or attending to perpetuate his testimony, $2; for drawing interrogatories to annex to a commission for the taking of testimony, $2; for making and serving a case or case containing exceptions, $5, except that when the case shall necessarily contain more than fifty folios, there shall be allowed $2 in addition thereto." This provision was construed by the territorial supreme court in First Nat. Bank v. North, 6 Dak. 136, 41 N. W. 736, 50 N. W. 621. In that case the court held that where

a party made a motion for a new trial "on the minutes of the court," and thereafter prepared and served a bill of exceptions in order to obtain a review of the ruling on the motion for a new trial, such party, upon a new trial being directed by the supreme court, was entitled to tax costs as the prevailing party "for making and serving a case · . . . containing exceptions." In the same case the court also held that "in such case the fees paid the stenographer for a transcript of the proceed-· ing from which to prepare the bill is taxable under § 4, chap. 52, Laws 1879; Comp. Laws 1913, § 484, providing that stenographer's fees for transcripts 'shall be taxable costs.' "

The particular provision relating to stenographic fees construed by the territorial legislature has subsequently been eliminated from the statute where it was then found, but language of similar import and far more specific in its terms has been incorporated in § 7793, Comp. Laws 1913, which reads: "In all actions and special proceedings the clerk must tax as a part of the judgment in favor of the prevailing party his necessary disbursements as follows: The legal fees of witnesses and of referees and other officers, the necessary expenses of taking depositions and of procuring evidence necessarily used or obtained for use on the trial, the legal fees for publication, when publication is made pursuant to law *and the legal fees of the court stenographer for a transcript of the testimony when such transcript is used on motion for a new trial or in preparing a statement of the case."* Under our statutes a court stenographer is a recognized officer of the district court, and entitled to charge and receive certain fixed prices for the preparation of a transcript. Comp. Laws 1913, §§ 774, 780.

"The practice of all our courts," said De Witt, J. (Waite v. Vinson, 18 Mont. 410, 45 Pac. 552), "is to try cases with the aid of stenographic reporters. If the defeated party wishes to move for a new trial upon a statement of the case, he must in some way procure a copy of the evidence, in order to construct his statement. He must obtain this evidence from the reporter, or he must make it out from memory, or he must take it down as the case is being tried. To require him to take it down as the case is being tried is, under modern practice, wholly impracticable. The court would not wait for him to write it out in longhand; and, furthermore, during the trial of the case he would not know that he would require it. The necessity for the evidence would

arise only after he had been defeated on the trial. Again, to require counsel to produce a statement of the evidence from his own memory is also impracticable. One object of having a stenographer is to attain accuracy. If counsel are to be relegated to the old system of writing out a statement from memory, the stenographer may as well be dismissed from the court. Furthermore, the judge, in settling the statement, would be much more likely to settle it correctly if he had a stenographer's transcript than he would if he were obliged to rely upon the conflict of memory between the respective counsel and between the counsel and the judge. We are certainly of opinion that the expense of the transcript of the testimony in preparing the motion for a new trial is a necessary disbursement. We are informed that it is so held in the practice in the two largest districts of the state,—districts which furnish much more than a majority of all the business of this court."

Costs are frequently allowed and required to be taxed in interlocutory proceedings even before final judgment is entered. In this case, for instance, the defendant under the order of this court became entitled to tax the costs upon the appeal immediately upon the return of the remittitur. And in the case of First Nat. Bank v. North, supra, the appellant was permitted to tax as costs against the respondent the amount paid for the transcript and the statutory allowance "for making and serving a case containing exceptions," upon the return of the remittitur and before the retrial of the action. In fact, the statute recognizes that the question of allowance or taxation of costs does not necessarily depend upon the recovery of final judgment, by providing that "whenever it shall be necessary to adjust costs in any interlocutory proceeding in an action or in any special proceeding, the same shall be adjusted by the judge before whom the same may be heard, or the court before which the same may be decided or pending, or in such other manner as the judge or court may direct." Comp. Laws 1913, § 7800.

Our statutes relative to new trials make no reference to the matter of costs. And the rulings of the different courts, predicated as they are upon different statutory provisions, furnish very little aid in determining the question before us. The general rule, however, seems to be that where a new trial is granted as a matter of favor, *i. e.,* on some ground resting within the sound discretion of the trial court, the court

may even require the applicant to pay the cost of the former trial as a condition precedent to a new trial; but where a party has in no way been in fault, and is entitled to a new trial as a matter of right, the court has no right to impose terms upon the moving party. Corbett v. Great Northern R. Co. 28 N. D. 136, 150, 148 N. W. 4.

In the case at bar, defendant was not at fault. A fair trial had been denied. Defendant was entitled to a new trial as a matter of right. A statement of case must be prepared, and in order to do so a transcript was necessary. Defendant concededly paid the court stenographer $60.75 therefor. The cost of such transcript was clearly a necessary disbursement upon the motion for a new trial. A trial court is expressly authorized to award costs upon any motion. (Comp. Laws 1913, § 7804. See also Comp. Laws 1913, § 7800.) And we believe that where a prevailing party, entitled to a new trial as a matter of right, is compelled to make certain disbursements incident to such motion, a trial court has authority to award to such party as a necessary disbursement "incident to the proceedings" the moneys expended for a stenographer's transcript.

Appellant, however, contends that this allowance should have been made, if at all, in the order granting a new trial; and that as such order was silent in regard to costs incurred on the motion for a new trial, the trial court must be deemed to have exercised its discretion against the allowance of such costs. In support of this contention appellant cites 11 Cyc. 252. The text in Cyc. is based upon certain decisions of the New York supreme courts, and these decisions are in turn based upon and involve the construction of a specific statutory provision of that state, and consequently have no bearing upon the question before us.

It would probably be better practice to incorporate in the order granting a new trial specific directions respecting the costs of the proceeding, but we are by no means satisfied that failure to do so amounts to a denial of costs to the successful party. The general policy of our statutes is to allow costs to the prevailing party. This applies equally to proceedings in the trial and appellate courts. (See Comp. Laws 1913, §§ 7789, 7793, 7794, 7797, and 7798.) It is only in certain specified cases that a trial or appellate court has any discretion in regard to costs. (See Comp. Laws 1913, §§ 7795, 7796.) The

allowance of costs to the successful party is the rule; the disallowance thereof the exception.   As a general rule the decisions of this court do not in so many words adjudge costs to the successful party on appeal, but, unless a contrary direction is made, the decision carries costs in favor of the party prevailing on appeal as an incident to such determination.   This is so even in certain cases wherein this court is vested with discretion regarding costs; as for instance where a new trial is ordered (Comp. Laws 1913, § 7796); in such case, costs are allowed as a matter of course to the party prevailing on appeal, unless a contrary direction is given in the decision.   In the decision affirming the order granting a new trial in this case no reference was made to costs (see 28 N. D. p. 293), but costs were nevertheless allowed to the prevailing party on the appeal.   This also seems to be the rule in other states.   In Jarrait v. Peters, 151 Mich. 99, 114 N. W. 870, the court said:  "While § 11,271, 3 Mich. Comp. Laws, leaves the costs within the discretion of the court in a case where a new trial is ordered, by general direction to the clerk, the journal entry always included an award of costs in case of reversal or affirmance, unless direction to the contrary be given in the opinion."   In Bliss v. Little, 64 Vt. 133, 23 Atl. 725, the court said:  "As to costs in this court, it is so much of course for the prevailing party to have them, that it is understood, as a matter of practice, if nothing is said about them, that they are adjudged to him by implication."   See also State ex rel. Jefferson County v. Hatch, 36 Wash. 164, 78 Pac. 796; Crittenden v. San Francisco Sav. Union, 157 Cal. 201, 107 Pac. 103.

In the case at bar defendant was entitled to a new trial, not as a matter of discretion, but as a matter of right. · The trial court had no right to impose terms or costs upon the defendant as a condition for granting a new trial; nor could the costs of the first trial be assessed against the defendant even upon a final determination of the action in plaintiff's favor.   (Corbett v. Great Northern R. Co. 28 N. D. 136, 150, 148 N. W. 4.)   The costs of the motion for a new trial, therefore, must either abide the final determination of the action or be allowed to the party prevailing upon the motion.

The trial court construed the order granting a new trial as allowing the necessary disbursements, i. e., the cost of the transcript, to the party prevailing upon the motion.   We believe this construction was correct.   The decision of the District Court is affirmed.