[File No. 6406.]

HARRY BRADLEY, Appellant, v. PETER KROGEN, Respondent.

(270 N. W. 93.)

Opinion filed November 10, 1936.    Rehearing denied December 12, 1936.

*Chas. A. Lyche,* for appellant.
*Carroll E. Day,* for respondent.

NUESSLE, J.   This is an appeal by the plaintiff from an order granting a new trial.

This action was brought to cancel a note executed by the plaintiff to the defendant and to recover on various money counts.   The defendant, answering, admitted the execution of the note and its delivery to him, denied the allegations of the complaint on which the plaintiff predicated his case for cancellation, denied the allegations of the complaint with respect to the causes of action on which the plaintiff asked a money recovery and, counterclaiming, prayed for a recovery on the note.

The case was tried to a jury.   The plaintiff had a verdict.   Thereafter the defendant moved for a new trial grounding his motion on irregularity in the proceedings of the court by which the defendant was prevented from having a fair trial, in that a witness called and sworn by the plaintiff so misconducted herself as to greatly prejudice the defendant in the eyes of the jury, and on various other grounds enumerated in the statute, § 7660, Comp. Laws 1913.   This motion was made on the files and records in the case and on affidavits of the defendant and others.   The motion was resisted by the plaintiff and counter-affidavits were filed by him.   The court granted the motion on the first ground urged, and expressly held that none of the other grounds were meritorious.   The court in his memorandum dealing with this matter, said:

"At the time of the trial the plaintiff called as a witness, one Mrs. Deziel, who was sworn, and who testified on behalf of the plaintiff. Her testimony related entirely to a collateral matter, viz.: In regard to the balance due on a note given by her husband to the defendant. This note was offered in evidence, and marked as an exhibit, and admitted, and placed with the other exhibits on the reporter's table.   After Mrs. Deziel had finished her testimony and as she left the stand, she tried to grab this note, exclaiming or stating in a loud voice that she wanted it, that the note had been paid.   Shortly after Mrs. Deziel had concluded her testimony, and before the case was submitted to the jury,

a recess of fifteen minutes was taken, at which time some of the jurors were in the courtroom and some in the corridor or hall. During this recess Mrs. Deziel created a scene in the courtroom, shouting and waving her arms, and repeating charges that Peter Krogen, the defendant, was a crook; that he would beat anyone that he had a chance to do business with; that they had paid him lots more money than he had coming; that she wanted the note back, and that there wasn't any judge or crooked lawyers that were going to keep her from getting it. A statement that Peter Krogen was the biggest crook in the state, was made by Mrs. Deziel in the library, in a loud voice. Undoubtedly some of the jurors heard these statements made by Mrs. Deziel, and it undoubtedly had a prejudicial effect on the members of the jury who heard it.

"It is important that parties to an action should have a fair trial, and in the case at bar I am of the opinion that the defendant did not have a fair trial on account of the conduct and statement of Mrs. Deziel."

In the settled statement of the case none of the testimony adduced at the time of the trial is included excepting that given by the witness Mrs. Deziel. The facts with respect to her alleged misconduct which do not appear in the record in the settled statement of the case, are shown by affidavits both affirming and denying. The trial judge has stated his findings of fact respecting the matter in the memorandum which we have quoted above. There is much disagreement in the showing as made and on the record we cannot do otherwise than adopt the trial court's version of what took place. The question then is as to whether under the facts as found and the circumstances disclosed the trial court erred in granting a new trial.

Counsel for the defendant was present at the time of Mrs. Deziel's alleged misconduct but made no record then respecting it. He did not particularly call it to the trial court's attention at the time, nor did he ask the court to admonish the jury with respect thereto or to declare a mistrial and discharge the jury. The trial was had in February, 1935, judgment was entered in April thereafter, and the motion to vacate the judgment and order a new trial was not made until July.

This case has been tried twice to a jury. On the first trial, plaintiff had a verdict which was set aside by the trial judge on motion of the

defendant on the ground that the evidence was not sufficient to sustain such verdict. Thereafter the complaint was amended and a second trial was had before another judge.

Plaintiff in support of this appeal insists that the only matters for consideration are, first, as to whether the misconduct of Mrs. Deziel constitutes a sufficient ground in any event for the trial court's ordering a new trial and, second, even though it might if the matter were seasonably called to the attention of the court, that this was not done by the defendant so he must be held to have waived his right to predicate a motion for new trial thereon.

The grounds set forth in the statute, § 7660, Comp. Laws 1913, as grounds for a new trial are exclusive. Higgins v. Rued, 30 N..D. 551, 153 N. W. 389; Dubs v. Northern P. R. Co. 47 N. D. 210, 181 N. W. 606. The first cause for a new trial as set forth in § 7660, supra, is "(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial." But of course on a motion for new trial the ground relied on need not be set out in the exact words of the statute if the facts on which the motion is predicated be presented. In the instant case the trial court found that the only good cause urged by the defendant in support of his motion was the first, towit, in the words of the motion: "Irregularity in the proceedings of the court by which the defendant was prevented from having a fair trial in this, that Mrs. Deziel insisted upon shouting and testifying and answering questions, bringing in irrelevant matters, and in general misconducting herself after being sworn as a witness for the plaintiff, said misconduct being partly not a matter of record though within the knowledge of the court and largely over objection of counsel properly sustained, and even in spite of remonstrances on the part of the court, and which was carried on to such an extent that it was necessary for the court to threaten contempt, all tending greatly to prejudice the jury with respect to matters entirely without any issue in the case."

It seems to us, the trial court having found the facts to be such as to sustain the defendant's contention as to what took place, that there was an irregularity within the meaning of that term as used in the statute, § 7660, supra. Certainly it occurred during the course of the trial. While it does not appear in any way that the plaintiff. was a

party to or responsible for such misconduct on the part of the witness, nevertheless he produced that witness. And the authorities are to the effect that though a litigant be not a party to what is done, yet where his friends or those favorable to his side designedly act in such a manner as to influence the jury in his favor and against his antagonist, there is such an irregularity as to warrant the granting of a new trial. See York v. Wyman, 115 Me. 353, 98 A. 1024, L.R.A.1917B, 246; Nesmith v. Clinton F. Ins. Co. 8 Abb. Pr. 141. See also Chesebrough v. Conover, 59 Hun, 623, 36 N. Y. S. R. 644, 13 N. Y. S. 374. It is unthinkable that, regardless of the misconduct of which a witness might be guilty during the trial or the prejudice that either party might suffer on account thereof, the court would be powerless to order a new trial. After all, the purpose of a trial is to attain justice in so far as that is reasonably possible. If because of something done during the course of the trial that end is not attained, the trial court may within the limits of the statute and in the exercise of that discretion which is reposed in him, remedy the fault by the granting of a new trial. That was the general rule of the common law. And that is the principle underlying § 7665, Comp. Laws 1913, which provides that the court may order a new trial of his own motion in the cases therein named if he deem it proper to do so in the interests of justice. In the instant case the trial court found the facts to be as stated in his memorandum. He was present at the time of the occurrence. He saw and heard first hand what was done and what was said and, therefore, was in a superior position to determine whether the jury might have been prejudiced thereby. He heard the evidence that was produced by the parties, almost none of which is now before us. He states that the trial was closely contested. He was clothed with a broad discretion in passing upon the effect of the alleged misconduct and determining whether a new trial should be granted on account thereof. Presumptively, the new trial was properly granted. Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314, and cases cited; Security State Bank v. Security State Bank, 54 N. D. 582, 210 N. W. 83. Under the circumstances we are of the opinion that we should not say there was an abuse of discretion in ordering a new trial if the matter were such that it might properly be urged before him as a ground therefor. Nor is the fact that the case has been tried to a jury twice and verdicts twice re-

turned for the plaintiff controlling. It is true there should be an end to litigation. Though this be so it does not denude a judge of that discretion that is reposed in him in the interests of justice. And it must be remembered also that the trial with which we are now concerned was before another judge than the one who presided at the former trial and set aside the verdict on the ground that the same was not sustained by the evidence.

The next question is as to whether there was a waiver by the defendant of the right to raise the point that he was prejudiced by Mrs. Deziel's conduct during the course of the trial. Ordinarily, the rule is that where a party wishes to take advantage of irregularities occurring during the course of a trial, either on the part of the court, the jury, the parties, or anyone acting for or in their behalf, he must do so at once they occur to the end that the court may take appropriate action if possible to remedy any prejudice that may have resulted. As this court said in Kinneberg v. Kinneberg, 8 N. D. 311, 79 N. W. 337: "This rule proceeds upon the principle that one who has knowledge of facts which would vitiate the verdict should bring such facts to the attention of the court at the earliest possible moment, to the end that the fault may be corrected, and, if this is not done, he is deemed to have waived the right to object; or, as sometimes expressed, he is not permitted to conceal the knowledge of the facts, and take the chance of the verdict being favorable to him, and then, if unfavorable, have it set aside upon grounds which he has concealed." This rule has been applied by this court in numerous subsequent cases, the latest of which is State v. Gugel, 65 N. D. 587, 260 N. W. 581. In this connection, see also, 1 Hayne, New Tr. & App. rev. ed. § 27; 1 Spelling, New Tr. & App. Pr. § 62. In the instant case there was no concealment of facts. All that took place was in the presence of the trial court. Counsel also must have been aware of all that occurred. Then, does the mere fact that counsel failed to at once invoke action by the court with respect to the irregularity constitute such a waiver on his part that the court could not subsequently remedy any prejudice that may have resulted? It is to be noted that the rule is not absolute. And if the court is of the opinion that prejudice resulted so that a fair trial was not had, he may order a new trial notwithstanding the failure of the aggrieved party to raise the point at the time of the occurrence.

"But the mere silence of the opposing counsel does not prevent the court from correcting the irregularity, or granting a new trial on account of the same, when the substantial rights of the parties are prejudiced, even though the losing party failed to call attention at the proper time to the facts constituting such irregularity. It is the duty of a trial court to repress or rebuke improper conduct at the trial, where such conduct points to any kind of irregularity or misconduct, affecting or threatening the substantial rights of the party, without being specially requested so to do." 1 Hayne, New Tr. & App. rev. ed. § 27; Cook v. Doud, 14 Colo. 483, 23 P. 906. And 1 Spelling, New Tr. & App. Pr. § 62, limits the rule thus: "But this rule extends no further than the circumstances and conditions calling for its application nor beyond the reasons upon which it is supported and it does not operate to defeat a motion for a new trial, where it appears either that there was no power in the court or elsewhere, to have averted or removed the prejudicial effect. . . ." It is true that a multitude of cases may be found where the broad rule as first stated above is applied. But invariably in those cases the reviewing courts refused to disturb the order of the trial court to whom the application was directed denying a motion for a new trial. In other words, they said that the matter was one within the discretion of the trial court and if he refused to take cognizance of the irregularity or misconduct because it was not seasonably urged, his ruling in that respect would not be disturbed. In the instant case, the trial court passed upon the merits of the motion and in substance held that notwithstanding the delay the prejudice was such that a new trial should be granted. He must have believed the effect of the misconduct of the witness would not have been obviated had objection been made and admonition given at the time of its occurrence. So, under the circumstances here we cannot say that the trial court had no discretion in the matter or that his discretion was not properly exercised with respect thereto. See First Nat. Bank v. Pleggenkuhle (Iowa) 183 N. W. 376; Schuette v. St. Louis Transit Co. 108 Mo. App. 21, 82 S. W. 541; Kriss v. Union P. R. Co. 100 Neb. 801, 161 N. W. 414, Ann. Cas. 1918A, 1122; Cranford v. O'Shea, 75 Wash. 33, 134 P. 486.

The order of the trial court must be and it is affirmed.

BURKE, Ch. J., and MORRIS, CHRISTIANSON and BURR, JJ., concur.