James FOWLER, Plaintiff, Respondent and Appellant In Part,

v.

Reinhold DELZER and Benny Delzer, Defendants, Appellants and Respondents In Part.

Civ. No. 8604.

Supreme Court of North Dakota.

April 27, 1970.

Rehearing Denied June 18, 1970.

Fleck, Smith, Mather, Strutz & Mayer, Bismarck, for defendants, appellants and respondents in part.

William R. Mills, Bismarck, for plaintiff, respondent and appellant in part.

TEIGEN, Chief Justice.

This is an appeal from an order entered on a motion for a new trial, in a personal injury action tried to a jury, in which the court vacated the verdict, directed an additur, and provided that if the additur was not agreed to by the defendants, that the plaintiff have a new trial on all issues in the case. The action is one sounding in tort, was tried to a jury, and the jury found in favor of the plaintiff and returned its verdict for damages.

The plaintiff was injured when he fell from a ladder he had ascended to remove screen windows and put on storm windows. The ladder slipped and the plaintiff fell onto a concrete stoop, injuring his knees. The claim for relief is based on the alleged negligence of the defendant Ben Delzer when he failed to hold the ladder. The claim against Reinhold Delzer is premised on an alleged agency relationship between Ben Delzer and Reinhold Delzer. The jury returned a verdict in favor of the plaintiff, against both defendants, in the amount of $1,000 for special damages and $1,750 for general damages. The plaintiff moved for a new trial on the ground of the insufficiency of the evidence to justify such a small verdict. He also specifies errors at law, but appears to have abandoned these in his arguments and presentation to the trial court, and the trial court did not pass on them. The defendants resisted the motion for a new trial. However, the trial court, in an opinion issued from the bench, directed an additur of $500 to the special damages and $1,750 to the general damages, or that a new trial be granted. In its direction from the bench, the trial court ordered the court reporter to transcribe the oral order and provided that such transcript would stand as a written order of

the court. Thereafter, the defendants moved for a modification of the order on the ground that the special damages awarded by the jury actually exceeded the amount proved. Following a hearing, the trial court modified its order by eliminating the additur of $500 to the special damages but permitted the additur of $1,750 to the general damages to stand.

The defendants have appealed to this court from the final order for additur or new trial, as amended, and specify error as follows:

"A. The Motion for New Trial was defective for not specifying in what respect the evidence was insufficient to support the verdict.

"B. The Order for Additur or New Trial does not grant any relief for which the Plaintiff moved.

"C. The award of the additur or granting of a new trial was arbitrary, invaded the province of the jury, and was an abuse of legal discretion."

The plaintiff has also appealed from the order; however, he failed to serve and file an undertaking on appeal, as required by statute, and the defendants have asked that the plaintiff's appeal be dismissed for the reason that it has not been perfected.

Section 28–27–05, N.D.C.C., provides that an appeal is taken by the service of a notice of appeal and perfected by the service of an undertaking for costs, or a deposit of money in lieu thereof, or by written waiver of the undertaking. The plaintiff, in taking his appeal, has not complied with the requirement that an undertaking be served, nor has he requested permission to amend his appeal or to perfect it so as to comply with the statutory requirement.

Section 28–27–09, N.D.C.C., states:

"To render an appeal effectual for any purpose, an undertaking must be execut-

ed on the part of the appellant by at least two sureties to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal not exceeding two hundred fifty dollars."

Section 28–27–10, N.D.C.C., provides for the deposit of a sum of money in lieu of any undertaking and that such undertaking and deposit may be waived, in writing, by the respondent for whose benefit the same is required to be made.

In Gamble-Robinson Minot Co. v. Mauratis, 55 N.D. 616, 214 N.W. 913, the appellant made a deposit in the amount of the undertaking with the clerk of court but failed to serve notice of deposit, as required by the statute. This court, in denying a motion to dismiss, said:

"The service of an undertaking on appeal is not jurisdictional. The notice of appeal, if served in good faith, confers jurisdiction and thereafter the court, pursuant to Section 7840, C.L.1913 [Section 28–27–26, N.D.C.C.], may permit the appeal to be perfected by providing the requisite undertaking."

This case was followed in In re Guardianship of Frank (N.D.1964), 128 N.W.2d 355, in which this court also held that:

"Although the Supreme Court has jurisdiction to permit an appeal to be perfected, it has neither the power nor jurisdiction to hear and determine an appeal that has not been perfected."

Where no proper undertaking is furnished on appeal, the appeal must be dismissed. Karabensh v. Grant (N.D. 1955), 73 N.W.2d 782. The plaintiff, in resistance to the defendants' arguments that the plaintiff's appeal is not perfected, takes the position that he has cross-appealed and, as a cross-appellant, he is not required to furnish an undertaking. He has cited no statute nor authority to support his contention. Neither our statutes nor our rules provide for a cross-appeal as such; neither do they distinguish between an appeal and a cross-appeal. However, any party deeming himself aggrieved may appeal and, therefore, we apply the statutes and rules as they relate to appeals to the second, or subsequent, appellant who is sometimes denominated a cross-appellant. The plaintiff has taken a separate appeal, which is permissible under our statutes, and must comply with the statutes to perfect it. Although, as we stated earlier, we have jurisdiction to permit the appeal to be perfected, we have neither the power nor the jurisdiction to hear and determine an appeal that has not been perfected. In re Guardianship of Frank, *supra*; Karabensh v. Grant, *supra*; McClenahan v. Meek, 68 N.D. 255, 278 N.W. 469.

Secondly, the plaintiff argues, through his attorney, that he does not have the financial ability to furnish an undertaking on appeal because of his low economic worth and that, under such circumstances, he should not be required to furnish the undertaking. He has not, however, furnished proof of indigency. All that we have before us are the plaintiff's arguments as contained in the brief and in the oral argument. On the basis of the record before us, we are unable to make a determination on this question. This is not to say, however, that if the plaintiff had furnished evidence of his indigency, that the statutory requirement would be waived. We have no statutory provision for waiver except by the respondent. The plaintiff has cited no law to us to support his contention that an undertaking of an indigent person is not necessary to perfect his appeal in a civil matter in order to satisfy any provision of either the State or Federal Constitution. It is generally held that guaranties of due process of law and equal protection of the law require that appellate review in criminal cases, if made generally available, shall not be denied merely because of the defendant's inability to pay the costs to obtain such a review. How-

ever, in accordance with 4 Am.Jur.2d, Appeal and Error, section 345:

"It is not clear how far these constitutional guaranties may operate to insure such a right in civil proceedings."

It appears that statutes have been enacted in some jurisdictions making provision for appeals in civil matters by indigent parties; however, the right is controlled by statute and it is generally held that the statutory conditions must be strictly complied with. Proof of indigency is required and the relief is available only to one who acts with diligence. 4 Am.Jur.2d, Appeal and Error, Sections 345 through 351.

 The right and regulation of appeal is purely statutory. Indianhead Truck Line, Inc. v. Thompson (N.D.1966), 142 N.W.2d 138; Berg v. Kremers (N.D.1967), 154 N.W.2d 911; Keller v. Keller (N.D. 1968), 158 N.W.2d 694. Although statutes governing appeals are to be liberally construed to maintain the right (In re Heart River Irrigation District, 78 N.D. 302, 49 N.W.2d 217), nevertheless, when the law prescribes the mode of exercising a power, or privilege, it implies an inhibition to exercise the given power in any other way. Divide County v. Baird, 55 N.D. 45, 212 N.W. 236, 51 A.L.R. 296. The purpose of the undertaking is to afford protection to the respondent should the appellant be unsuccessful in his attempt to reverse the order, or judgment, appealed from, and in order that he may have assurance that the costs on appeal, to which he may become entitled, will be paid. Thus, it is for the benefit of the respondent. The statute requiring the undertaking is mandatory, explicit, and clear. It provides for no exception, unless the undertaking is waived by the adverse party. There is no waiver and no proof of cause for failure to comply with the statutory requirement. There is nothing for us to pass on.

 For the reasons aforesaid, we find that the appeal taken by the plaintiff from the court's order has not been perfected, is not effectual for any purpose and, therefore, must be dismissed.

We will now consider the defendants' appeal.

The plaintiff moved for a new trial: (1) on the question of damages only; or (2) on the question of damages only against the defendant Ben Delzer; or (3) on all issues against Ben Delzer.

The motion was made on the ground of the insufficiency of the evidence to justify the verdict in that the damages awarded were inadequate and incommensurate with substantial justice. He cites, as authority for this ground, Haser v. Pape, 78 N.D. 481, 50 N.W.2d 240, in which this court held:

"Where the evidence discloses that damages awarded by a jury are inadequate to a degree incommensurate with substantial justice, the trial court may grant a new trial on the theory that the verdict was not justified by the evidence."

In his motion for a new trial the plaintiff also alleges that the court erred in giving its instruction on "volunteer," and in its failure to give three requested instructions. However, in his brief and arguments in support of the motion for a new trial in the trial court, he has abandoned the latter grounds of error in law when he stated:

"The jury having found as a fact that both defendants were liable, this would appear to rule out any errors that might have occurred regarding evidenciary rulings or instructions on the question of liability. In other words, the liability having been established, we need neither try the question of liability again nor concern ourselves with the existence of any errors of which the plaintiff could have complained if liability had not been so determined. Errors as to liability are moot.

\* \* \* \* \* \*

"The instructions on damages were excellent and unobjected to."

We also find that the trial court did not consider the alleged errors at law contained in the motion for a new trial, and these questions were not passed on by the lower court and, therefore, we do not pass on them.

The defendants resisted the motion for a new trial in the trial court, first, on the ground that the plaintiff had not specified the particulars wherein the evidence was insufficient to justify the verdict and, second, on the ground that the evidence does justify the verdict.

The trial court overruled the first objection. After a second hearing, it entered an amended order for additur or new trial, as follows:

"1. The motion of the plaintiff for a new trial on the question of damages only is denied.

"2. The motion of the plaintiff upon the question of damages to be assessed against the defendant Ben Delzer only is denied.

"3. The motion for a new trial on all questions as to the defendant Ben Delzer only is denied.

"4. The court sets aside the verdict of the jury and adds thereto the sum of $1,750.00 making a total award of $4,-500.00 and further orders that unless the defendant's elect to accept a verdict of $4,500.00 within ten days from the date hereof, and makes and files said election with the Clerk of the Court, then,

"5. The court orders that the plaintiff have a new trial on all issues in said case."

The defendants, on this appeal, specified that the court erred in considering the motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict when the motion for a new trial was not in conformity with law and where such defect was duly objected to by them. We have examined the record and find that the plaintiff furnished no particulars

and no specifications, based on the evidence, to show the trial court, opposing counsel, or this court, wherein the evidence was insufficient to justify the amount of the verdict. The trial court, in its oral order from the bench which was transcribed as the court's written order, appears to have based its decision for additur on the reasoning that the plaintiff has a five per cent disability and a life expectancy of thirty-four years, and speculated that the jury must have determined its award by allowing him $50 per year for thirty-four years. Based on this reasoning, plus a mistaken recollection that the plaintiff had proved special damages in excess of the amount determined by the jury, the court stated its decision as follows:

"I will add to the verdict as returned by the Jury $500 on the specials and another $50 a year on the general damages, and the defendants will pay this, or I will grant the plaintiff a new trial against both defendants and on all issues because it is my opinion that on the matter of damages that the evidence should have indicated to the Jury and did, in the case of the specials, that the damages were more than they found, and this is your point in the motion, you agree with a finding of liability but you say the evidence is contrary to the verdict as to the amount of damages, and in this I agree with you."

Subsequent thereto, on motion by the defendants, the court changed its mind, amended its order, and eliminated the $500 it had added to the special damages on the ground and for the reason that the evidence did not justify this additur. We find that the statements made by the court in its order do not constitute grounds based upon evidence. There is no reference to pain and suffering, nor to loss of earnings, except the court, in its oral pronouncement from the bench, admits that the plaintiff's earning capacity was "obviously demonstrated to be very little." Neither the plaintiff, who moved for the new trial, nor the court specified wherein error was

made, or how the evidence does or does not meet the requirements. In Sullwold v. Hoger (N.D.1961), 110 N.W.2d 457, this court held (see No. 2 of Syllabus):

"It is error for the trial court to exercise its discretion in the granting of a new trial when the motion for such new trial is not in conformity with law, and where such defect is duly objected to by the adverse party."

In that case the trial court had granted a new trial on a motion which failed to specify, with the required particularity, wherein the evidence was insufficient, or wherein the court's instruction had been disregarded, and the defendants had timely objected to the motion's defects. The court, in support of its decision to reverse the trial court, said:

"It is well settled that there are certain procedural requirements that must be met by a court when it proceeds to vacate or set aside a verdict or judgment. And it is only natural that this should be so. A case once tried and concluded by a verdict should not be reopened and retried unless careful examination shows that justice so requires. In order that injustice may not be done in the name of doing justice, procedural safeguards have been created to insure that the grounds and reasons for the exercise, by a court, of these exceptional and extraordinary powers be made to appear, and that the litigant who invokes these powers shows himself entitled to do so. This is true whether the matter be the granting of a new trial, or in directing a verdict, or granting judgment notwithstanding the verdict. Rules 50 and 59, N.D.R.Civ.P., are illustrative of the safeguards mentioned, as are the statutes supplementing and preceding them.

"This court has repeatedly held that compliance with these procedural safeguards is essential to a valid exercise by a court of its power in this field. An extended discussion of the matter, with citations of cases and authorities, may be found in Westerso v. City of Williston, 77 N.D. 251, 42 N.W.2d 429. Even when a court is expressly authorized to order a new trial on its own initiative, it must in such order 'specify the grounds therefor.' That 'grounds' means something other than generalities is evident from such authorities as Bradley v. Krogen, 67 N.D. 108, 270 N.W. 93; Montana-Dakota Utilities Co. v. Amann, N.D., 81 N.W.2d 628; Haser v. Pape, 78 N.D. 481, 50 N.W.2d 240; 66 C.J.S. New Trial § 141.

"It is true that when no objection is made by the opposing party for failure to specify with particularity wherein error was made or how evidence does, or does not, meet requirements, that by raising no objection the opposing party has waived his objection. Clausen v. Miller, 63 N.D. 778, 249 N.W. 791 (discussed in Robbins v. Robbins, N.D., 70 N.W.2d 37). But in the instant case the record shows that vigorous and specific objections were timely made.

"The cited cases indicate that the reason for requiring particularity and detail in the statement of 'grounds' is: First, to spare the court a search of what may be a long record, and to direct its attention to what is claimed to be at fault. Second, to advise opposing counsel so that he may properly contest the matter in the trial court. Third, to provide a record for appeal so that an appellate court can judge the merits of the claims and contentions made. Nor can it be said that these requirements are technical obstacles to a moving party seeking justice. If a defective motion comes before a court, and is duly objected to, corrections and amendments can be permitted if there are meritorious grounds.

"On the other hand, if the 'grounds' which the litigant considers meritorious are actually lacking in merit, the requirement of particularity in presentation will serve to disclose to the examining eye and the evaluating mind their weakness. The reasons why systems of law develop

procedural safeguards is well put by Salmond, 'Jurisprudence,' 7th Ed., page 45:

> 'The establishment of the law is the substitution of the opinion and conscience of the community at large for those of the individuals to whom judicial functions are entrusted. The principles of justice are not always clearly legible by the light of nature. The problems offered for judicial solution are often dark and difficult, and there is great need of guidance from that experience and wisdom of the world at large of which the law is the record. The law is not always wise, but on the whole, and in the long run, it is wiser than those who administer it. It expresses the will and reason of the body politic, and claims by that title to overrule the will and reason of judges and magistrates, no less than those of private men. "To seek to be wiser than the laws," says Aristotle, "is the very thing which is by good laws forbidden." '

The cases cited above are practical illustrations of the application of these principles in this jurisdiction."

We adhere to that decision.

█ The plaintiff's motion for a new trial failed to specify and particularize its grounds in the required manner. The motion's defects were objected to by counsel for the defendants and, under the circumstances, we find it was error for the trial court to exercise its discretion in granting additur or a new trial, and vacating the verdict of the jury.

The order granting a new trial is reversed, and the vacated verdict is reinstated.

KNUDSON, PAULSON, and ERICKSTAD, JJ., and ROY A. ILVEDSON, D. J., concur.

The Honorable ALVIN C. STRUTZ deeming himself disqualified did not participate, the Honorable ROY A. ILVEDSON, Judge of the Fifth Judicial District, sitting in his stead.

On Petition for Rehearing.

TEIGEN, Chief Justice.

The plaintiff, as respondent, has filed a petition for rehearing.

Three points are raised in this petition which may be succinctly stated as follows: (1) the court erred in finding that the plaintiff had failed to furnish specifications of error in support of his motion for a new trial in the trial court; (2) the appeal by the defendants from the order for additur or new trial compels this court to review the whole order and, therefore, although the plaintiff's appeal was ineffective, his arguments, nevertheless, should be reviewed on the appeal by the defendants; and (3) the court erred in awarding costs to the defendants.

█ In support of his first point the plaintiff points out that he did furnish to the trial court, on his motion for a new trial, a brief, which brief was also served upon the attorneys for the defendants. He argues that this brief should be considered as specifications of error. We have re-examined this brief in the light of the argument made in the petition for rehearing and adhere to our former ruling that it does not constitute specifications of error in conformity with the statutory requirements. The brief, which he now argues should be considered as being specifications of error, does not specify, with any particularity, where the evidence was insufficient to sustain the verdict. Further, we find from a review of the evidence that the evidence does support the size of the verdict.

█ As to the second point, an examination of the appeal taken by the defendants discloses that this appeal was taken on specifications of error duly served and filed. The errors specified, as contained in the statement of the case, were reviewed by this court and the issues raised thereby were decided. This court will disregard errors which are not specified in the statement. Thompson v. Cunningham, 6 N.D. 426, 71 N.W. 128.

Lastly, this court, in its order for judgment, awarded costs to the defendants who were the prevailing parties on this appeal. The plaintiff complains, in his petition, that in so doing this court abused its discretion as it requires the defendants to pay the costs of the transcript which, in this case, amounted to $549.00. No transcript of the evidence was obtained by the plaintiff in support of his motion for a new trial. The trial court entered an order for additur or a new trial. The defendants took an appeal from this order. In order to take this appeal and to allow this court to review the evidence in the light of the specifications of error, it was necessary for the defendants, as appellants, to obtain and furnish a transcript of the testimony. The expense of the transcript is a disbursement made by the defendants, as appellants, to properly complete their appeal. Section 28-26-06, N.D.C.C., provides:

"In all actions and special proceedings, the clerk must tax as a part of the judgment in favor of the prevailing party his necessary ·disbursements as follows:

\* \* \* \* \* \*

"4. The legal fees of the court reporter for a transcript of the testimony when such transcript is used \* \* in preparing a statement of the case; \* \* \*."

Section 28-26-01, N.D.C.C., provides that in civil actions there may be allowed to the prevailing party certain sums by way of indemnity for expenses in the action in addition to his disbursements, and that such allowances are termed costs. Disbursements, however, are allowable as a matter of right but the costs are allowed in the discretion of the court. Sections 28-26-06 and 28-26-10, N.D.C.C. The expense of the transcript is a disbursement and is taxed by the clerk as a part of the judgment in favor of the prevailing party. Section 28-26-06, N.D.C.C. Fees paid to a court stenographer for a transcript upon which a reversal of an order for additur or new trial is granted by the Supreme Court are properly taxed by the clerk as a necessary disbursement in favor of the prevailing party. This is in harmony with an older case in which this court held that fees paid to a court stenographer for a transcript upon which a motion for a new trial is granted are properly taxed as a necessary disbursement in favor of the prevailing party. Swallow v. First State Bank, 35 N.D. 323, 160 N.W. 137.

For the reasons aforesaid, the petition for rehearing is denied.

ERICKSTAD, PAULSON, and KNUDSON, JJ., ROY A. ILVEDSON, District Judge, concur.

The Honorable ALVIN C. STRUTZ deeming himself disqualified did not participate, the Honorable ROY A. ILVEDSON, Judge of the Fifth Judicial District, sitting in his stead.